CATHARINE S. MILES *vs.* CITY OF WORCESTER.

Worcester.   October 2, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*City — Schoolhouse Lot — Encroachment of Wall — Nuisance.*

If a city, in adapting a lot of land to schoolhouse purposes, builds and maintains a retaining wall between the lot and land of an adjoining owner, and, by the action of the elements or otherwise, without his fault, the wall comes upon his land and continues there, it becomes a nuisance for which the city is responsible to such owner.

TORT for damages occasioned by the encroachment upon the plaintiff's land of a wall erected between the same and an adjoining lot belonging to the defendant city. Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, which, so far as material to the point decided, was as follows.

There was evidence that the defendant acquired its land and had always used it for the purposes of a public high school; that about the year 1871 the city built a wall on the south side of its lot between it and the plaintiff's lot, which were then at the same grade, upon a line mutually agreed upon, and proceeded to fill up its land to a level as high as the top of the wall, or even higher; that the wall since it was built had been pressed out of position by reason of the weight of the filling behind it, or by the action of surface water or frost, so that for nearly or quite a foot at the bottom it had bulged out and come upon the plaintiff's land; and that this bulging out of the wall had increased within six years before the date of the writ, and had gradually · affected the plaintiff's estate. The jury took a view.

The defendant asked the judge to instruct the jury, (1) that there was no evidence to warrant a verdict for the plaintiff; (2) that the city was not liable for any pressing out of the land under the walls on its south line, whereby the plaintiff's cellar wall may have been caused to bulge or crack; and (3) that, if the city more than six years before the date of the writ built the wall in a negligent manner, and such negligent construction had since caused damage to the plaintiff's premises by the leaning over, or bulging, or lateral pressure of the wall, no recovery for that could be had in this action.

The judge declined to give these instructions, but instructed the jury, in substance, that if the plaintiff by reason of the encroachment of the wall had been kept out of possession and occupation of a part of his land, and if within six years before the date of the writ the city had allowed or suffered the wall to be pushed and crowded upon the plaintiff's land, creating a nuisance thereto, causing him special and peculiar damage, then there was a liability in an action of tort as for a nuisance, no other objection existing to a recovery.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. P. Goulding,* for the defendant.

*W. S. B. Hopkins (F. B. Smith* with him,) for the plaintiff.

ALLEN, J. It is obvious that the defendant's wall, in its present position upon the plaintiff's land, must be deemed an actionable nuisance, unless the defendant can claim exemption from responsibility on some special ground. *Codman .*v. *Evans,*

7 Allen, 431. *Nichols* v. *Boston*, 98 Mass. 39, 43. *Fay* v. *Prentice*, 1 C. B. 828. The defendant suggests that it is not liable, because the wall was built and maintained solely for the public use, and with the sole view to the general benefit and under the requirement of general laws; and that the case cannot be distinguished in principle from the line of cases beginning with *Hill* v. *Boston*, 122 Mass. 344, and ending with *Howard* v. *Worcester*, 153 Mass. 426. We are not aware, however, that it has ever been held that a private nuisance to property can be justified or excused on that ground. The verdict shows a continuous occupation of the plaintiff's land by the encroachment of the defendant's wall. The question of negligence in the building of the wall is not material. The erection was completed, and was accepted by the defendant, and is now in the defendant's sole charge; and if it is a nuisance, the defendant is responsible. *Staple* v. *Spring*, 10 Mass. 72, 74. *Nichols* v. *Boston*, 98 Mass. 39. Such an occupation of the plaintiff's land cannot be excused for the reasons assigned. A city cannot enlarge its school grounds by taking in the land of an adjoining owner by means of a wall or fence. The public use and the general benefit will not justify such a nuisance to the property of another. If more land is needed, it must be taken in the regular way, and compensation paid, but if, by the action of the elements or otherwise, without the plaintiff's fault, the defendant's wall comes upon the plaintiff's land and continues there, it becomes a nuisance for which the defendant is responsible; and so are the authorities. *Gorham* v. *Gross*, 125 Mass. 232, 239. *Khron* v. *Brock*, 144 Mass. 516. *Eastman* v. *Meredith*, 36 N. H. 284, 296. *Hay* v. *Cohoes Co.* 2 Comst. 159. *Tremain* v. *Cohoes Co.* 2 Comst. 163. *Weet* v. *Brockport*, 16 N. Y. 161, 172, *note*. *St. Peter* v. *Denison*, 58 N. Y. 416, 421. *Mayor & City Council of Cumberland* v. *Willison*, 50 Md. 138. *Harper* v. *Milwaukee*, 30 Wis. 365. *Pumpelly* v. *Green Bay Co.* 13 Wall. 166, 181. Dillon Mun. Corp. § 985.

The case is distinguishable from *Middlesex Co.* v. *McCue*, 149 Mass. 103, where soil from the defendant's land upon a hillside was washed into the plaintiff's mill-pond by the rains, when the defendant had built no artificial structure, and had done nothing more than to cultivate his land in the ordinary way.

*Exceptions overruled.*