FRANCES R. HENNESSY *vs.* CITY OF BOSTON & others.

Suffolk.    November 27, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Jurisdiction*, To enjoin nuisance, Assessment of damages. *Nuisance. Trespass. Municipal Corporations*, Public playground. *Actionable Tort.*

An owner of land has no right of action at law against a city to recover damages for injury to a building and other property on the land and to his employees and the patrons of his business, caused or likely to be caused by baseballs being thrown or driven thereon from an adjacent playground which the city maintains under G. L. c. 45, § 14, and which it permits to be used for the purpose of playing baseball; and therefore, where it appeared in a suit in equity against the city to abate such alleged nuisance, and for damages, that the alleged nuisance had been abated by the defendant before a hearing, it was error to retain the suit for the assessment of damages.

It *was stated* that the acts complained of in the suit in equity above described were a trespass or a nuisance which the court had jurisdiction to enjoin or abate.

BILL IN EQUITY against the city of Boston and its park commissioners, filed in the Superior Court on April 22, 1926, and afterwards amended, described in the opinion.

The suit was heard by *Morton*, J., a commissioner having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926), to take the evidence. A final decree entered by order of the judge is described in the opinion. The defendants appealed.

The case was submitted on briefs.

*L. Schwartz*, Assistant Corporation Counsel, for the defendants.

*S. C. Brackett*, for the plaintiff.

PIERCE, J. Supported by the testimony taken at the hearing, the bill of complaint in substance alleges the pertinent facts which follow: The defendant city, on November 6, 1923, for the purposes of a public playground, G. L. c. 45, § 14, made a taking of a parcel of land situated on Ceylon Street opposite land owned by the plaintiff and used by her for a garage. The defendants permitted boys and young men to use the playground for playing baseball. A great many balls were thrown or knocked or in some way driven from the playground over Ceylon Street onto and into the premises of the plaintiff. As a result of such play many windows in her garage were broken, and there was a threat of continual breaking of windows by a constant succession of baseballs thrown or driven from the playground against her building. There was also an apprehension that the baseballs would do injury to automobiles which she kept in the garage, to persons who came there on business, as well as to her employees, and that her property might be damaged when boys came thereon to regain possession of their baseballs. The specific request contained in the prayer of the bill is that "a permanent injunction may issue, requiring the city to erect and maintain such fences or other structures as are necessary to protect the property of the petitioner from damage by reason of the operation of the playground," and "That the amount of the damage to the property of the plaintiff caused by the maintenance of said nuisance may be ascertained and that the city of Boston be ordered to pay the same."

The defendants demurred to the bill of complaint and assigned as reasons (1) that "The petitioner is not entitled to maintain this action because it is not the proper remedy"; (2) "That a playground or ball park is not a nuisance"; and (3) that "Equity will not lie to restrain the park commissioners of a city from maintaining a playground for the benefit of the public." Without waiving the demurrer, the

defendants filed an answer which, in substance, alleged ignorance of the plaintiff's title, admitted the taking of the land by the city for a playground, and denied all allegations contained in paragraph five of the bill of complaint.

After hearing, the court entered a final decree in the terms which follow: "This case came on to be further heard, and after hearing thereof and argument by counsel, the court finds that the allegations of the plaintiff's bill as to the maintenance of a nuisance by the defendants are sustained, and it appearing that since the last continuance a fence has been erected on Ceylon Street by the defendants as prayed for in the bill, the court finds that no further action is necessary in the premises for the protection of the plaintiff's property; and the parties having agreed that the damages caused to the plaintiff's property by the maintenance of said nuisance amounted to Two Hundred and Sixty-four Dollars and Ninety Cents ($264.90), for which the city of Boston is liable, it is ordered that the city of Boston pay said sum to the plaintiff and that the plaintiff recover the costs of this suit from the city of Boston to the sum of $29.40, and that execution issue for said damages and costs against the city of Boston." The case comes before us on the appeal of the defendants from the final decree.

The acts which the testimony shows caused substantial injury to the premises of the plaintiff were acts of trespass in so far as they were direct invasions of the property; and they were a nuisance, when not a trespass, because the consequence of them was to deprive the plaintiff of the exclusive right to enjoy the use of her premises free from material disturbance and annoyance. In the case of the direct invasion of the property the court had jurisdiction to enjoin the continuance of the trespasses, and to abate the nuisance when the acts in themselves were invasions of the plaintiff's property. As between individual owners of land, a court, having obtained jurisdiction in equity to enjoin a trespass or abate a nuisance, may properly, in order to prevent multiplicity of suits and to do complete justice between the parties, also award damages for the injury already done instead of obliging a plaintiff to bring a separate action

therefor.  *Winslow* v. *Nayson,* 113 Mass. 411.  *Brown* v. *Peabody,* 228 Mass. 52, 57.

The defendant city of Boston is not the owner of the playground in any ordinary sense.  *Kerr* v. *Brookline,* 208 Mass. 190.  The property is held under the statute and is conducted solely in the public interest and for the general benefit.  See in this connection *Miles* v. *Worcester,* 154 Mass. 511.  No action at law would lie against the defendant city for the failure of its park commissioners so to control the use of the playground that no harm to persons or property would be likely to follow such use.  In this respect the case falls within *Hill* v. *Boston,* 122 Mass. 344.  *Steele* v. *Boston,* 128 Mass. 583.  *Tindley* v. *Salem,* 137 Mass. 171.  *Lincoln* v. *Boston,* 148 Mass. 578.  *Johnson* v. *Somerville,* 195 Mass. 370, 376, 377.  *Kerr* v. *Brookline, supra.*  *Bolster* v. *Lawrence,* 225 Mass. 387, and cases collected.  *Delamaine* v. *Revere,* 229 Mass. 403.  *Pease* v. *Parsons,* 259 Mass. 86.  *Bartol* v. *Boston,* 259 Mass. 323, 326.  As, on the facts, there is no right of action at law in favor of the plaintiff against the defendant city, the reason of the rule which permits an equity court to retain the case for the assessment of damages after the need for injunctive relief has ceased is absent in the instant case.  It follows that so much of the final decree as orders the defendant city to pay damages and costs must be reversed.

No appeal being taken by the plaintiff, the question of liability of the park commissioners to respond in damages is not considered.  *Moynihan* v. *Todd,* 188 Mass. 301.

*Decree accordingly.*