WELLINGTON W. JONES *vs.* TOWN OF GREAT BARRINGTON.

Berkshire.   September 16, 1930. — December 16, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Tree. Nuisance. Municipal Corporations*, Liability in tort, Public shade tree. *Way*, Public. *Negligence*, Public shade tree. *Actionable Tort.*

An owner of land adjoining a public way in a town was entitled to recover damages in an action of tort against the town for injuries caused by the falling on a building on his land of a public shade tree which the defendant, although notified of its condition, had permitted to stand within the limits of the way for so long a time and in so decayed and dangerous a condition that it constituted a nuisance: the circumstances, that the tree was within the exclusive control of the tree warden of the defendant, a public officer, and that his power to remove the tree was limited and prescribed by the terms of G. L. c. 87, did not relieve the defendant of liability for the nuisance.

The plaintiff in the action above described had no cause of action on the ground that the way was defective by reason of the tree, nor on the ground of negligence on the part of the defendant.

PETITION, filed in the Superior Court on March 12, 1928, under G. L. c. 79; c. 87, § 3, to recover damages sustained by the petitioner by reason of a public shade tree falling upon his house.

The petition was referred to an auditor, and later was heard by *Burns*, J., without a jury, upon the auditor's report. The judge ruled that the petitioner could not recover and found for the defendant. Exceptions then saved by the petitioner were overruled by this court in a decision reported in 269 Mass. 202. A subsequent motion by the petitioner in the Superior Court that he be allowed to amend the petition into an action of tort was allowed. The plaintiff's declaration then filed is described in the opinion. The defendant demurred. The demurrer was sustained by order of *Burns*, J. The plaintiff appealed.

*F. H. Wright*, for the plaintiff.

*F. J. Brother*, Town Counsel, for the defendant, submitted a brief.

SANDERSON, J.  The plaintiff first brought a petition under G. L. c. 79, pursuant to the provisions of G. L. c. 87, § 3, to recover damages caused by the falling of a public shade tree upon his house, and this court held in an opinion reported in 269 Mass. 202 that the petition could not be maintained because no public hearing had been held concerning the retention or removal of the tree.  See also *Cody v. North Adams,* 265 Mass. 65.  In the former opinion on the plaintiff's petition the court said at pages 205, 206: " No statute of this Commonwealth in terms makes any provision for a petition under the eminent domain act, G. L. c. 79, to recover damages to person or property sustained by reason of the failure of public officials to remove or make safe trees which endanger, hinder or incommode travel on a public way.  The remedy, if any there be for such harm, is to be found at common law or in statutory provision requiring that public highways shall be kept reasonably safe for travel at all seasons of the year."  After the decision the plaintiff was permitted to amend his petition into an action at law sounding in tort.

In the first count of the declaration he alleges, in substance, that he was the owner of real estate with a dwelling house thereon situated on Main Street, a public highway in the town of Great Barrington; that there had existed for a long time on or near the boundaries of the premises and within or upon or near the boundaries of the highway a public shade tree which had been in a dangerous condition by reason of a hole or cavity in its trunk; that because the tree was a public shade tree he was forbidden by law to remove it; that he had notified the selectmen and tree wardens of the defendant town of its dangerous condition and that they had negligently caused and permitted the defective tree to stand; and that the tree on account of its decayed condition was blown over upon the dwelling house of the plaintiff, causing damage to the house, furniture and other articles therein and injuring the plaintiff's business and the health of himself and wife.  In the second count, after referring

to his property bounding on the public way, he alleges that the defendant, its agents and servants, had maintained and permitted to stand a public shade tree which had been in a dangerous condition for a long time; that the town, its agents and servants, had sufficient notice of its condition to charge them with knowledge thereof, but that they permitted the tree to stand and failed to hold any public hearing as to cutting or retention of the tree, by reason whereof the occupation of the property by the plaintiff and his family was made inconvenient, unhealthy and unsafe; that on October 12, 1927, the tree, by reason of its unsafe condition, was blown over upon the house causing damage to the property and injury to the health and business of the plaintiff; and that the defendant thereby created and maintained a nuisance to the damage of the plaintiff. The third count is based upon a negligent failure of the defendant to keep the public way in repair, as required by law, and in consequence whereof the plaintiff suffered damage. In the fourth count the plaintiff, after referring to the location of his property and of the public shade tree, alleges that in October, 1927, the tree was and for a long time had been in a dangerous condition, and that he had notified the defendant, its agents and servants, and had requested that the tree be removed or proper action in regard to it be taken, but that nothing was done in reference thereto, and on or about October 12, 1927, the shade tree which was in the control of the defendant, its agents and servants, was blown over and thrown upon the land and dwelling house of the plaintiff, causing great damage thereto and injuring his health and business.

A demurrer to the declaration based upon the grounds that the matters contained in the several counts are not sufficient in law for the maintenance of the action and that the plaintiff's only remedy, if any, is by petition under the eminent domain act, G. L. c. 79, was sustained, and the appeal from that order presents the questions to be decided.

It is settled by the previous decision that upon the

facts alleged the plaintiff had no remedy under the eminent domain statute. The damages suffered by the plaintiff did not come to him as a traveller upon a public way, and cases like *Valvoline Oil Co.* v. *Winthrop*, 235 Mass. 515, holding a municipality liable to such travellers because it had negligently permitted public shade trees or their limbs to obstruct and hinder traffic, thereby making the condition of the way. defective, are not applicable. *Richards* v. *Enfield*, 13 Gray, 344, 346. *Kelley* v. *Boston*, 180 Mass. 233, 234. See *Andresen* v. *Lexington*, 240 Mass. 517. For this reason count three sets forth no legal cause of action.

In *Commonwealth* v. *Morrison*, 197 Mass. 199, 203, the court said: " The public secure by the location of a highway an easement of passage, with all the powers and privileges which are necessarily implied as incidental to its exercise. The easement is coextensive with the limits of the highway. The fee of the land remains in the landowner, who may make any use of it not inconsistent with the paramount right of the public . . . . The easement acquired by the public includes every reasonable means of transportation for persons and commodities, and of transmission of intelligence, which the advance of civilization may render suitable for a highway." See *Stackpole* v. *Healy*, 16 Mass. 33; *Allen* v. *Boston*, 159 Mass. 324, 335; *Lancy* v. *Boston*, 186 Mass. 128, 132; *Opinion of the Justices*, 208 Mass. 603, 605. The exercise of the right to cut down or remove any ornamental or shade tree standing in a highway, town way or street was first curtailed and regulated by St. 1867, c. 242. This statute was incorporated in Pub. Sts. c. 54, § 10. By St. 1899, c. 330, § 2 (R. L. c. 53, § 12), it was first enacted that " All shade trees within the limits of any public way shall be deemed public shade trees." This section of the statute as amended by St. 1910, c. 321, was repealed by St. 1915, c. 145, § 13, and a substituted provision appears in § 2 of that act, which provides in part as follows: " All trees within or on the limits of a public way shall be public shade trees; and when it appears in any proceeding where

the ownership of or rights in the tree are material to the issue, that, from length of time or otherwise, the boundaries of the highway cannot be made certain by the records or by monuments, and that for that reason it is doubtful whether the tree be within or without the limits of the highway, or is public or private property, it shall be taken to be within the limits of the highway and to be public property until the contrary is shown." This provision is substantially reënacted in G. L. c. 87, § 1.

The tree warden in performing his duties is a public officer. *Donohue* v. *Newburyport,* 211 Mass. 561. His power to remove a public shade tree or to authorize its removal is somewhat limited and prescribed by the provisions of G. L. c. 87, § 3, requiring a public hearing before he acts or authorizes action in the matter. Damages recoverable under the act for injuries to property by the action of officers in charge of public shade trees are to be paid by the municipality. This court has not determined whether the Legislature has conferred ownership of public shade trees on a municipality. In *Salem* v. *Salem Gas Light Co.* 241 Mass. 438, the court said at page 441: " As the deeds conveyed to the plaintiff the fee to the centre of the street, we need not consider whether, as the plaintiff contends, it was the owner of the trees by virtue of St. 1915, c. 145." In *Valvoline Oil Co.* v. *Winthrop,* 235 Mass. 515, 520, the court said: " Although a tree warden is the only official who may trim or remove shade trees in a highway, that circumstance does not relieve a city or town from the statutory duty of keeping its highways reasonably safe and convenient for travellers." See *Donohue* v. *Newburyport, supra.* In our opinion, upon the allegations in the declaration, the town, because of its title to the land within the limits of the public street, owed the duty to an adjoining landowner not to maintain a nuisance in the street to his injury. In *Allegheny* v. *Zimmerman,* 95 Penn. St. 287, 293, the court said: A public shade tree " may become a nuisance by disease or decay." In *Gibson* v. *Denton,* 38 N. Y. Supp. 554, 555, the court

held that a decayed tree standing near the plaintiff's house, on which it might fall in any of the gales liable to occur, was a nuisance which the defendant on request should have abated. When such a nuisance exists in a public highway and the municipality has had notice thereof, it is not relieved of the obligation as a landowner by the statute placing the control of public shade trees in the tree warden. Nor is it relieved from such obligation by reason of the fact that its duties with reference to the maintenance of public shade trees are public in their nature without pecuniary gain to it. The liability of a municipality as an " owner of land or of a building is the same as that of a natural person." *Johnson* v. *Somerville,* 195 Mass. 370, 376. The municipality was in a position where it might take measures to protect a property owner in the position of the plaintiff from the harm which came to him.

This liability of a town as an owner or in control of real estate does not rest upon the allegations of negligence, and counts one and four do not set out a cause of action. Its liability must rest upon the maintenance by it, upon land within its control, of a decayed and dangerous tree which at any time was likely to fall and for a substantial period of time had been so located as to expose the persons and property of others to the chance of instantaneous injury, and thereby became a " constant menace to the safety of the immediate community, and hence constituted a nuisance. . . . when direct injury to an individual results, a private action can be sustained for damages suffered." *Flynn* v. *Butler,* 189 Mass. 377, 386. See *Shipley* v. *Fifty Associates,* 106 Mass. 194, 199. In *Nichols* v. *Boston,* 98 Mass. 39, a municipality, holding title to property of a ferry company and running a ferry, was held liable for damage caused by wooden piles which formed one side of its dock bending over the adjoining dock so as to obstruct the entrance to the wharf of the adjoining owner. In this case the nuisance existed when the city acquired title. The court said at page 43 that the city " stood in the position of a party who acquires

title to land on which a nuisance exists, and who becomes liable to other persons injured by its continuance, if he suffers it to continue after notice of its existence and a request to remove it." In *Miles* v. *Worcester*, 154 Mass. 511, the city in adapting a lot of land to schoolhouse purposes built a wall which, without fault of the plaintiff, gradually bulged and encroached on his land. The contention was made in behalf of the defendant that it was not liable because the wall was built and maintained solely for the public use, and with the sole view to the general benefit and under the requirement of general laws. This court said at page 513: "We are not aware, however, that it has ever been held that a private nuisance to property can be justified or excused on that ground. The verdict shows a continuous occupation of the plaintiff's land by the encroachment of the defendant's wall. The question of negligence in the building of the wall is not material. The erection was completed, and was accepted by the defendant, and is now in the defendant's sole charge; and if it is a nuisance, the defendant is responsible." See *Haskell* v. *New Bedford*, 108 Mass. 208; *Brayton* v. *Fall River*, 113 Mass. 218; *Daley* v. *Watertown*, 192 Mass. 116; *Seattle* v. *Lloyds' Plate Glass Ins. Co.* 253 Fed. Rep. 321. In *Elder* v. *Bemis*, 2 Met. 599, and *Hawks* v. *Charlemont*, 107 Mass. 414, the municipality was held liable for an act of trespass causing direct injury to the plaintiff's property outside the limits of the highway. See *Moynihan* v. *Todd*, 188 Mass. 301, 306 and *Johnson* v. *Somerville*, 195 Mass. 370, 374. In *Hennessy* v. *Boston*, 265 Mass. 559, the nuisance did not consist in any dangerous condition of the grounds for which the city as the holder of the legal title to the land to be used as a playground could be held responsible, but in the acts which the park commissioners, who controlled the grounds, permitted to be done upon them. The court said at page 561: "The acts which the testimony shows caused substantial injury to the premises of the plaintiff were acts of trespass in so far as they were direct invasions of the property; and they were a nuisance, when

not a trespass, because the consequence of them was to deprive the plaintiff of the exclusive right to enjoy the use of her premises free from material disturbance and annoyance." See *Cacavas* v. *Lynn*, 267 Mass. 140.

In our opinion, upon the allegations of count two of the declaration, the defendant could be found to have violated its duty to the plaintiff by maintaining a decayed and dangerous tree or in permitting it to stand after notice without taking action to protect the plaintiff and his property from injury from its fall.

As applied to counts one, three and four the order sustaining the demurrer was right and is affirmed, but as applied to count two it was wrong and the demurrer as to that count must be overruled.

*So ordered.*