MARY L. GOSSELIN, executrix, & another *vs.* TOWN OF NORTHBRIDGE.

Worcester.    September 21, 1936. — January 4, 1937.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Municipal Corporations*, Liability for tort, Maintenance of nuisance, Public dump, Officers and agents. *Nuisance. Actionable Tort. Public Officer.*

A town was not liable for a nuisance resulting from acts done in the use of a public dump, not operated by the town for profit, where it appeared that the dump was located on private property under oral arrangements made by the board of health without a vote by the town and that the owner was paid, upon approval by the board, from a general appropriation, certain sums per year for the use of the land and for taking care of the dump.

TORT, originally by Samuel Gosselin and Cleophas Paquette and, after Gosselin's death, prosecuted by the executrix of his will and Paquette. Writ in the Superior Court dated January 31, 1929.

Judgment for the plaintiffs in the sum of $350 was ordered by *Broadhurst*, J. The defendant appealed.

*T. J. Barry*, for the defendant.

*F. W. Morrison*, for the plaintiffs.

LUMMUS, J. In this action of tort for nuisance, the judge, upon the report of an auditor whose findings of fact were to be final, ordered judgment for the plaintiffs in the amount of damages reported by the auditor. An appeal by the defendant properly brings the case here. *Kamberg* v. *Springfield National Bank*, 293 Mass. 24, 25.

About a hundred yards away from the house owned by the plaintiffs in Northbridge is a parcel of land used as a dump. Decaying animal matter, imperfectly burned, at

times has produced a stench and smoke constituting a nuisance to the plaintiffs, although there has been no negligence in the management of the dump.

In 1923, the board of health of the defendant town, without any vote at town meeting, orally arranged with the owner of the parcel in question that it should be used as a dump. The owner was to receive $50 a year for the use of the land and $300 a year for taking care of the dump. These amounts, upon the recommendation of the board of health, were included without specification in a general appropriation called the contingent fund, and paid by the town treasurer upon approval by the board of health and the selectmen. This has continued from 1923 until the present time. The town received no financial benefit from the dump, but has used it for the deposit of its own rubbish, including trimmings from trees along its highways. The public has used the dump freely, subject to some control by the board of health.

It is true, as contended by the plaintiffs, that a town, like other landowners, is liable for a nuisance which it creates or permits on its property. *Nichols* v. *Boston*, 98 Mass. 39. *Miles* v. *Worcester*, 154 Mass. 511. *Johnson* v. *Somerville*, 195 Mass. 370, 376. *Jones* v. *Great Barrington*, 273 Mass. 483.

It is equally true, that a town may undertake, by its board of health, to provide a place where citizens may dump their refuse (G. L. [Ter. Ed.] c. 40, § 4; *Haley* v. *Boston*, 191 Mass. 291; *Johnson* v. *Somerville*, 195 Mass. 370, 373, 374; *Saperstein* v. *Everett*, 265 Mass. 195); that the acts of the board of health done in the course of that undertaking, without express direction by vote at a town meeting, cannot impose liability upon the town (see the cases just cited); and that payment by the town of the cost of that undertaking does not create such liability. *Malinoski* v. *D. S. McGrath, Inc.* 283 Mass. 1, 9.

The decisive question is, whether the nuisance upon the parcel used as a dump is to be treated as incident to property of the defendant town. We think it is not. The town is not shown to have become technically a tenant of the

parcel used as a dump. Besides, in *Hennessy* v. *Boston*, 265 Mass. 559, 562, a city was held not the owner "in any ordinary sense" of a playground held by it, so as to be responsible for a nuisance caused by batted baseballs. Compare *Pease* v. *Parsons*, 273 Mass. 111. Adapting to the present case language used of the *Hennessy* case, the nuisance "did not consist in any dangerous condition of the grounds for which the city [town] as the holder of the legal title to the land to be used as a playground [dump] could be held responsible, but in the acts which the park commissioners [board of health], who controlled the grounds, permitted to be done upon them." *Jones* v. *Great Barrington*, 273 Mass. 483, 489.

*Judgment for the defendant.*