KARL O. WERSHBA *vs.* CITY OF LYNN.

Essex.    February 9, 1949. — June 2, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Way*, Public: defect, traveller, nuisance, tree, ownership. *Nuisance. Tree. Municipal Corporations*, Liability for tort, Tree, Nuisance, Liability as landowner. *Practice, Civil*, Ordering verdict; Exceptions: what questions open.

A radio repair man, who, while sitting on the running board of an automobile parked on a public way in a city in front of his shop and "looking to see what the trouble was" with a radio he had been engaged to examine, had been interrupted by a rain storm and had entered the automobile to wait until the storm subsided, was not a traveller on the way so as to be entitled to maintain an action against the city under G. L. (Ter. Ed.) c. 84, § 15, for personal injuries caused by the falling upon the automobile of a defective public shade tree located on the way.

On a general exception by a plaintiff to the ordering by the trial judge on his own motion of a verdict for the defendant on a stated ground, it was open to this court to sustain the order and overrule the exception on a ground other than that stated by the trial judge.

One, not a traveller on a public way, injured by the falling of a decayed and defective public shade tree located within the limits of the way, could not recover from the municipality on the ground that the tree was a nuisance in the absence of proof that the municipality was the owner of the land on which the tree stood: mere control of the way without ownership did not establish a basis of liability.

TORT.    Writ in the Superior Court dated December 28, 1946.

The defendant's motions described in the opinion were allowed by *Brogna,* J.    A motion by the plaintiff to amend was denied by *Dowd,* J., before whom the action then was tried.

*I. Bloch*, for the plaintiff.

*P. F. Shanahan*, City Solicitor, for the defendant.

SPALDING, J.   This is an action of tort in which the plaintiff seeks to recover compensation from the defendant city for personal injuries sustained by him when a public shade tree located on a public way fell on an automobile of which he was an occupant.   The plaintiff's declaration contained two counts.   The first is based on the statute (G. L. [Ter. Ed.] c. 84, §§ 1, 15) and alleges a defect in the way; the second alleges a nuisance.

Prior to the trial of the case the defendant filed a motion to reduce the ad damnum (which was $20,000) to $4,000, and a motion to strike out the second count.   Both motions were allowed.   When the case came on for trial the plaintiff presented a motion to amend the declaration by adding a new count alleging nuisance.   It differed from the original count in that it set forth the cause of action in more detail and described the locus of the public shade tree in substance as on a public highway owned in fee by the plaintiff's landlord "subject only to the public easement of passage." The motion was denied.   The plaintiff then went to trial on the first count.   After an opening was made, the plaintiff introduced as an exhibit a notice which he had sent to the defendant purporting to give the time, place, and cause of the injury, but the judge ruled that the notice was insufficient and ordered a verdict for the defendant.   The case comes here on the plaintiff's exceptions to the allowance of the motion to strike out the second count, the allowance of the motion to reduce the ad damnum, the denial of the motion to amend the declaration, and the ordering of a verdict for the defendant.

A summary of the relevant facts stated in the opening is as follows:   The plaintiff operated a radio repair shop at 245 Summer Street in the city of Lynn.   Summer Street is a public way and is in a densely populated section of the city which is used principally for business.   On June 8, 1946, one Wells drove his automobile to the plaintiff's shop in order that the plaintiff might look at the radio

"which was not working just right." Wells parked his automobile against the curb in front of the plaintiff's shop and the plaintiff sat on the running board, and "began looking to see what the trouble was." While the plaintiff was so engaged a rain storm came up and the plaintiff and Wells got into the automobile to wait until the storm subsided. The rain increased and the wind began to blow. The plaintiff suggested to Wells that they ought not to remain in the automobile, and, as the plaintiff was about to open the door in order to get out, a tree, which had been broken off by the wind, crashed through the roof of the automobile and struck the plaintiff. The tree, which was a large one, was a public shade tree and stood on the public way. There were large cavities in the base of the tree, one of which "went right through the tree." "The tree was full of rot. There was only an inch or two of healthy wood left." Children were in the habit of building fires in the tree. At various times "whenever there was any wind at all" branches had broken off. It had been in this condition for at least nine months or a year and during this period "was apt to be blown over by any kind of a wind." The officials of the defendant were aware of the tree's condition but never did anything about it.

On the facts stated in the opening, which must be taken as true (*Grace* v. *Jordan Marsh Co.* 317 Mass. 632), the plaintiff was injured by reason of a "defect . . . in or upon a way . . . [which] might have been remedied by reasonable care and diligence" on the part of the defendant. G. L. (Ter. Ed.) c. 84, § 15. A shade tree within the limits of a highway may because of its decayed or unsound condition be a defect. *Chase* v. *Lowell,* 151 Mass. 422. *Wright* v. *Chelsea,* 207 Mass. 460. *Donohue* v. *Newburyport,* 211 Mass. 561, 569, 570. See *Valvoline Oil Co.* v. *Winthrop,* 235 Mass. 515, 520, 521. Compare *Andresen* v. *Lexington,* 240 Mass. 517. And clearly, according to the opening, the defect here had been in existence for a period sufficient to constitute a reasonable notice to the defendant. G. L. (Ter. Ed.) c. 84, § 15. *Donohue* v. *Newburyport,* 211 Mass.

561, 569, 570. *Bagdikian* v. *Worcester,* 318 Mass. 707, 708. But since §§ 15 and 1 of c. 84 must be read together (*Hurlburt* v. *Great Barrington,* 300 Mass. 524, 526), the duty imposed on a city or town under these sections is to maintain the highways "so that they may be reasonably safe and convenient for travelers." Consequently to recover under the statute a plaintiff must prove that he was a traveller on the way at the time of his injury. *Richards* v. *Enfield,* 13 Gray, 344, 346. *Blodgett* v. *Boston,* 8 Allen, 237. In the case last cited it was said by Bigelow, C.J., at page 240, "We certainly do not think that any narrow or restricted signification should be given to the word 'traveller,' as used in the statute. It may well embrace within its meaning, as applied to the subject matter, every one, whatever may be his age or condition, who has occasion to pass over the highway for any purpose of business, convenience or pleasure. . . . The highway is to be kept safe and convenient for all persons having occasion to pass over it, while engaged in any of the pursuits or duties of life. If this be not the limit beyond which the duty and the corresponding liability of cities and towns . . . do not extend, we are unable to see where the line can be drawn. And yet it is plain that there must be some such limit. A town cannot be held responsible for every case of damage to person or property which may happen by reason of a defect in a highway, without regard to the use to which it was appropriated at the time of the accident by the person injured. Suppose, for example, a juggler or gymnast should occupy a portion of a street . . . to exhibit his feats of skill or agility and strength. He certainly could not be regarded in the light of a traveller while so using the highway, nor could he claim damages of a city or town for injuries sustained by him in his person or property during his performance, although they might have been occasioned in whole or in part by a defect in the highway."

In numerous cases under §§ 1 and 15 the question has arisen whether the plaintiff at the time he was injured was using the highway as a traveller. It has been held that

persons using the highways for travel who stopped momentarily for some other purpose were nonetheless travellers, or at least could be found to be. *Hunt* v. *Salem,* 121 Mass. 294 (stopping to look in store window). *Gulline* v. *Lowell,* 144 Mass. 491 (playful act by child while travelling). *Bliss* v. *South Hadley,* 145 Mass. 91 (stopping to watch boys at play). *Smethurst* v. *Barton Square Independent Congregational Church,* 148 Mass. 261, 266 (stopping to unload team). *Donohue* v. *Newburyport,* 211 Mass. 561, 569 (pausing to watch removal of a tree). *O'Donnell* v. *North Attleborough,* 222 Mass. 591, 594 (stopping to wait for companions). On the other hand, it has been held that one using a highway solely for play and not as an incident to travel is not a traveller. *Blodgett* v. *Boston,* 8 Allen, 237. *Tighe* v. *Lowell,* 119 Mass. 472. *Harris* v. *Boston & Maine Railroad,* 211 Mass. 573, 575. *McKenna* v. *Andreassi,* 292 Mass. 213, 217.

In the light of our decisions we are constrained to hold that the plaintiff was not a traveller on the highway at the time he was injured. It appears that he was sitting in the automobile not as an incident of travel but because he sought shelter from the rain which had interrupted his work. His presence on the highway was solely for a purpose other than travel. The liability of a municipality for injuries sustained by reason of a want of repair of a way is wholly statutory. *Sawyer* v. *Northfield,* 7 Cush. 490, 494. *Rouse* v. *Somerville,* 130 Mass. 361, 362. If that liability is to be extended to persons other than travellers it must be done by the Legislature. The "words of the statute cannot be stretched beyond their fair meaning in order to relieve against what may appear to be a hard case." *Grove Hall Savings Bank* v. *Dedham,* 284 Mass. 92, 96. Since the plaintiff was not a traveller, the judge rightly ordered a verdict for the defendant on the first count. In view of this conclusion the question of the sufficiency of the notice need not concern us. That the judge rested his decision on the invalidity of the notice does not preclude this court from sustaining his action on some other ground. This is not a case where a verdict

was directed on a motion specifying some particular ground. See *Beebe* v. *Randall*, 304 Mass. 207, 209. The judge acted of his own motion (*O'Hare* v. *Gloag*, 243 Mass. 533), and no ground of exception was requested or stated. Every ground, therefore, is open here. *Proctor* v. *Dillon*, 235 Mass. 538, 540. *Krasnow* v. *Krasnow*, 253 Mass. 528. *Connors* v. *Wick*, 317 Mass. 628, 630.

The judge did not err in granting the defendant's motion to strike out the second count. It is apparent that the question sought to be raised by the motion was that the count did not set forth a cause of action. See *Marsch* v. *Southern New England Railroad*, 230 Mass. 483, 491–492.

The plaintiff contends that the second count set forth a cause of action at common law whether his status on the way was that of a traveller or otherwise.[1] If the plaintiff was a traveller there could be no recovery on that count. It is to be noted that the count alleges a nuisance. It was said in *Whalen* v. *Worcester Electric Light Co.* 307 Mass. 169, at 174, 175, "The statute, G. L. (Ter. Ed.) c. 84, § 15, does not give a right of action based upon the existence of a nuisance as distinguished from a defect . . . but . . . clearly manifests an intent that a traveller who is injured on account of the breach by a municipality of the statutory obligation to keep the ways" reasonably safe and convenient for travellers "shall have no other remedy against the municipality. . . . There can be no recovery under the statute except upon proof of a defect." Consequently, if the plaintiff was a traveller, his only remedy was under the statute and it is plain that he did not set forth a cause of action under it in his second count.

---

[1] The count was as follows: "Count II — Nuisance. The plaintiff says that there was in the city of Lynn a public highway called Summer Street, which the defendant was bound to keep in repair, and by reason of a nuisance therein consisting of a tree in a decayed and dangerous condition, which the defendant negligently suffered, the plaintiff on or about June 8, 1946, while seated in an automobile and while in the exercise of due care was injured when the said tree fell on said automobile; and that as a result thereof, the plaintiff was prevented for a long time from pursuing his usual occupation and activities, was put to great expense for medicines, medical attention, and nursing. Due notice of the time, place, and cause of the said damage was given to the defendant by the plaintiff."

If, on the other hand, the plaintiff was not a traveller — and we think that the second count fails to allege that he was — he could not recover on the allegations set forth in that count. That there may be situations where a municipality owning or controlling real estate would be liable at common law for the consequences of a nuisance maintained thereon to the same extent as a natural person is established by our decisions. And that is true even where the nuisance arises out of the performance by the municipality of a governmental duty in the interests of the general public. *Nichols* v. *Boston*, 98 Mass. 39. *Miles* v. *Worcester*, 154 Mass. 511. *Johnson* v. *Somerville*, 195 Mass. 370, 376. *Jones* v. *Great Barrington*, 273 Mass. 483. *Gosselin* v. *Northbridge*, 296 Mass. 351, 352. *Towner* v. *Melrose*, 305 Mass. 165, 168. Whether that liability would extend to one who, although not a traveller, was injured on a public way need not be decided. If we assume that it would, the count under consideration would still be insufficient. It contains no allegation that the property on which the tree stood was owned or controlled by the defendant. Without such ownership or control the defendant would not be liable. In the cases where liability was imposed on a municipality because of a nuisance the property on which it existed was owned by the municipality. See *Nichols* v. *Boston*, 98 Mass. 39; *Miles* v. *Worcester*, 154 Mass. 511; *Jones* v. *Great Barrington*, 273 Mass. 483, 487; *Towner* v. *Melrose*, 305 Mass. 165. The control of the land by the municipality which gives rise to liability for a nuisance, as we construe the decisions, must be incidental to ownership of some sort. We assume that such ownership need not necessarily be in fee and that occupying the land as a tenant would be sufficient. See *Gosselin* v. *Northbridge*, 296 Mass. 351, 352. In that case the court said at page 352, "The decisive question is, whether the nuisance . . . is to be treated as incident to property of the defendant town. We think it is not. The town is not shown to have become technically a tenant of the parcel used as a dump." See *Hennessy* v. *Boston*, 265 Mass. 559.

The plaintiff relies on *Jones* v. *Great Barrington*, 273 Mass.

483, but for reasons presently appearing we are of opinion that that case is not controlling. The question for decision in that case was whether the second count in a declaration alleging a nuisance on the part of a town was good on demurrer. The nuisance, according to that count of the declaration, consisted of a decayed public shade tree in the defendant's control which fell against the plaintiff's house. Construing that count of the declaration as alleging ownership by the town of the land on which the tree stood, the court held it good. That the court rested its decision on the town's ownership of the land is made clear by the following language in the decision: "In our opinion, upon the allegations in the declaration, the town, because of its title to the land within the limits of the public street, owed the duty to an adjoining landowner not to maintain a nuisance in the street to his injury" (page 487). In *Whalen* v. *Worcester Electric Light Co.* 307 Mass. 169, one of the questions before the court was whether a city was liable to the plaintiff, a traveller on a public way, for a nuisance in maintaining a defective light pole on the way. In discussing the *Jones* case, on which the plaintiff relied, this court said, "A town, as a landowner, is liable as an individual would be if it uses its premises in such a way as to damage the land of its neighbor. *Towner* v. *Melrose*, 305 Mass. 165, and cases cited. The principle is not applicable here because the city did not own the street and it could not be held liable as a landowner" (page 176). What was said in the *Whalen* case is applicable here. There was no allegation in the second count that the defendant owned the land on which the plaintiff was injured.

No error of law is disclosed in the denial of the plaintiff's motion to amend his declaration. *Peterson* v. *Cadogan*, 313 Mass. 133, 134, and cases cited.

The plaintiff's exception to the action of the judge in reducing the ad damnum of the writ to $4,000 has become immaterial in view of the conclusions stated above.

*Exceptions overruled.*