CHARLES N. TURNER *vs.* TOWN OF OXFORD & another.[1]

Worcester.   September 22, 1958. — January 9, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Dump. Municipal Corporations,* Public dump, Nuisance, Contracts, Refuse disposal. *Contract,* Validity, With municipality. *Real Property,* Control. *Nuisance. Equity Pleading and Practice,* Decree, Injunction.

An oral agreement, entered into by the board of health of a town on behalf of the town and a landowner permitting use of his premises by the town as a public dump but fixing no definite term during which it could be so used and apparently subject to cancellation at will, was valid under G. L. c. 40, § 4, as amended through St. 1951, c. 798,

[1] John Hudson.

Turner *v.* Oxford.

§§ 1, 2, as a contract of the town "for the disposal of its . . . refuse . . . for a period not exceeding five years . . . made by the . . . board of health." [288–289]

A town, which had entered into an oral agreement with a landowner terminable at will upon reasonable notice, whereby the town was permitted to use the landowner's premises as a public dump and had exclusive control thereof, had a tenancy therein sufficient to justify a decree in a suit in equity enjoining it from permitting a certain nuisance to be maintained there. [289]

In a suit in equity by a landowner against a town in which the trial judge found that papers, rubbish and other waste material were scattered over a portion of the plaintiff's land and that some of such material came from the defendant's dump, a provision of the final decree perpetually enjoining the defendant "from maintaining a nuisance" in the operation of its dump was too broad and there must be substituted therefor a provision enjoining the defendant from permitting the dump to be used in a manner resulting in the scattering of papers, rubbish, and other waste material over any portion of the plaintiff's land. [289–290]

BILL IN EQUITY, filed in the Superior Court on May 18, 1956.

The suit was heard by *Paquet,* J.

*Seward B. Brewster,* for the defendant town of Oxford.

*James G. Reardon,* for the plaintiff.

COUNIHAN, J. This is a bill in equity to enjoin the defendants from operating a town dump and for incidental damages for burned woodlands. The suit was heard by a judge of the Superior Court. The evidence is not reported but the judge made "Findings, Rulings and Order for Decree."

A final decree was entered which ordered that "1. The defendant, the town of Oxford, be enjoined from conducting and maintaining the town dump in such a manner that it will interfere with the plaintiff in the use of his land. 2. The defendant, the town of Oxford, be perpetually enjoined from maintaining a nuisance in the operation of the town dump. 3. The defendant, the town of Oxford, be ordered to pay the costs of this suit in the sum of $31.40. 4. The bill be and hereby is dismissed as against the defendant John Hudson." The town appealed from the entry of this decree. There was no error.

The judge expressly found that the plaintiff had suffered

no damage because of fires or other misconduct of the defendants. He also found that the defendant Hudson has transferred control of a parcel of land owned by him to the board of health of Oxford.

The plaintiff owns a parcel of land in Oxford of approximately thirty-six acres. It is in an isolated section of the town, accessible by narrow dirt private roads and is sparsely settled. Hudson owns a parcel of land that abuts and adjoins the plaintiff's land. Several years before the entry of this bill, Hudson entered into an oral agreement with the town of Oxford, acting through its board of health, which permitted the town to use his land as a public dump and to employ Hudson as caretaker of the dump at the rate of $135 a month for his services. The board of health of the town has charge of the dumping and disposal of rubbish and waste material in the town.

The judge found that papers, rubbish, and other waste material were scattered over a portion of the plaintiff's land and he drew an inference that some of this material came from the dump. He further found that this condition constituted a trespass to the plaintiff's land and amounts to a nuisance. He also ruled that Hudson had transferred control of his land to the board of health of Oxford and that the plaintiff was entitled to relief from the improper manner in which the dump was operated by the Oxford board of health.

General Laws c. 40, § 4, as amended through St. 1951, c. 798, §§ 1, 2, reads in part, "A town may make contracts for the exercise of its corporate powers including the following purposes: For the disposal of its . . . refuse . . . for a period not exceeding five years. Contracts for such disposal may be made by the selectmen, board of health or other officers having charge thereof."[1] In the instant case there appears to be no definite time fixed for the period during which the agreement to use the town dump should be in effect. Apparently such agreement could be cancelled by

---

[1] Prior to the enactment of St. 1951, c. 798, the statute permitted a town to contract for "the disposal of its . . . refuse . . . for a term of years."

either of the parties to it at will. Indeed the town does not argue in its brief any question as to the time the agreement should run. We think this agreement a valid one entered into by the board of health on behalf of the town. Cf. *Dos Santos* v. *Peabody*, 327 Mass. 519, 521.

Apparently the agreement could be cancelled by either of the parties at will upon reasonable notice. Although the defendant town contends that it was not a tenant of the Hudson property, enough appears to justify the finding that the town had control of those premises to the exclusion of everybody else and that the town had at least a tenancy at sufferance if not a tenancy at will. Even if (a matter which we need not decide) under decisions like *Gosselin* v. *Northbridge*, 296 Mass. 351, 352–353, the town could not be held liable at law for damages resulting from the operation of the dump by its board of health, it has a tenancy in land sufficient to justify enjoining the town from permitting a nuisance to be conducted upon the land. It may well be that the members of the board of health in operating the dump are acting in their capacity as public officers. See *Malinoski* v. *D. S. McGrath, Inc.* 283 Mass. 1, 9. Nevertheless, the town on reasonable notice can effectively prevent further offensive use of the dump by terminating its contract with Hudson for the use of the land and by ending its tenancy. The plaintiff is entitled to have the town enjoined from allowing a nuisance to continue which it can prevent, where as here no question of retention of the case for the assessment of damages is involved. Cf. *Hennessy* v. *Boston*, 265 Mass. 559, 562; *Malinoski* v. *D. S. McGrath, Inc.* 283 Mass. 1, 10.

The final decree is too broad, for paragraph 2 of the decree requires the town to determine what is a "nuisance" at its peril. The final decree should be confined to a prohibition of what the judge has found to be objectionable (see *Swensen* v. *Marino*, 306 Mass. 582, 587) and must be modified by substituting for paragraph 2 a provision enjoining the town from permitting the dump to be used in a manner resulting in the

scattering of papers, rubbish, and other waste material over any portion of the plaintiff's land. The plaintiff is to have costs of this appeal.

*Decree as modified affirmed.*