MICHELE R. ABRUZZESE & another *vs.* TOWN OF ARLINGTON. March 15, 1979. By this action the plaintiffs seek to recover compensation from the defendant town for physical damage to their residence and surrounding land. The plaintiffs allege that the defendant, in performing sanitary landfill operations upon their land, did so in a manner that caused damage to the building and land. The amended complaint contained separate counts in contract, negligence and nuisance. In the view we take of this case it is only necessary to discuss the nuisance count, on which the plaintiffs had a jury verdict and judgment. 1. There is nothing in the record appendix to suggest that the defendant was entitled to a directed verdict at the close of all the evidence. Accordingly, it must be assumed that there was before the jury sufficient evidence from which they could find (as they did) for the plaintiffs on the count sounding in nuisance. Moreover, there is an unchallenged assertion in the plaintiffs' brief that the jury properly had before them a master's report (see Mass.R.Civ.P. 53[e][3], 365 Mass. 820 [1974]) finding liability "on their count for nuisance in the amount of $10,000.00 with interest." (This has been confirmed by our examination of the relevant part of the transcript. Compare *Ainslie* v. *Ainslie*, 6 Mass. App. Ct. 692, 695 n.3 [1978], with *Kunen* v. *First Agricultural Natl. Bank*, 6 Mass. App. Ct. 684, 685-688 [1978].) 2. As we have concluded that the defendant was not entitled to a directed verdict on the nuisance count, we now address the defendant's contention that the judge erred in refusing its request for instruction numbered six. There was no error. The critical issue in circumstances such as these is whether the town controlled the premises on which the private nuisance was allegedly created or maintained. See *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 616 (1973). See also *Jones* v. *Great Barrington*, 273 Mass. 483, 488-490 (1930). As the judge's charge has

not been included in the record appendix (see Mass.R.A.P. 8(b) and 18(a) & (b), 365 Mass. 850 & 864-865 [1974]), we cannot assess the merits of the defendant's contention. In any event, the requested instruction was directed to whether the town controlled the actions of the supervisor of public works, compare *Malinoski* v. *D.S. McGrath, Inc.*, 283 Mass. 1, 9 (1933), cited in *Gosselin* v. *Northbridge*, 296 Mass. 351, 352 (1937), rather than whether the town controlled the premises, cf. *Hennessy* v. *Boston*, 265 Mass. 559, 562 (1929). See *Commonwealth* v. *Camelio*, 1 Mass. App. Ct. 296, 302-303 (1973). As this instruction went to possible vicarious liability of the town for negligence (see *Sweeney* v. *Boston*, 309 Mass. 106, 110 [1941]), the failure to give it could not have harmed the defendant because the judge directed a verdict against the plaintiffs on the negligence count. See *Ryder* v. *Taunton*, 306 Mass. 154, 158-159 (1940). See also *Bolster* v. *Lawrence*, 225 Mass. 387, 389-390 (1917); *Saperstein* v. *Everett*, 265 Mass. 195, 198 (1928). 3. The plaintiffs' remaining contention is without merit.

*Judgments affirmed.*

*Robert J. Annese* for the plaintiffs.
*John F. Maher*, Assistant Town Counsel, for the defendant.