**HARR LINCOLN-MERCURY, INC.,**
**Plaintiff**
**vs.**
**TOWN OF CLINTON, Defendant**

**No. 316**

District Court, Worcester, ss.
Appellate Division, Western Division
Trial Court of the
Commonwealth of Massachusetts

**May 27, 1982**

**Patrick A. Fox,** counsel for plaintiff
**Austin T. Philbin,** counsel for defendant
**Stephen J. Philbin,** counsel for defendant

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting in Springfield upon a report of the Worcester Division of the District Court Department and it was found and decided that there was prejudicial error.

It is hereby

ORDERED: That the Clerk of the Worcester Division of the District Court Department make the following entry of said case on the docket of said Court, namely: The judgment be reversed.

Date: May 27, 1982
**Francis J. Larkin, Justice**
**Allan McGuane, Justice**
**Bernard Lenhoff, Justice**

Opinion filed herewith

**Robert E. Fein, Clerk**

## OPINION

**McGuane, J.** This action was brought against the Town of Clinton in the nature of a tort for nuisance.

Briefly the facts of the case were that on or about April 23, 1972, Mr. Daley, an employee of Harr Lincoln-Mercury, plaintiff, parked his car on the public way commonly known as Grove Street. Mr. Daley had the use of said vehicle as part of his compensation from the plaintiff. He was authorized to drive said vehicle to and from his place of residence to his place of employment. He parked the car on Grove Street, directly in front of his place of residence. At this location was a retaining wall apparently in a seriously deteriorating condition. This wall was wholly owned by the department, Town of Clinton, and the town had had complaints about its dangerous condition for a number of years. Further, this wall collapsed and damaged the plaintiff's vehicle.

The plaintiff brought this claim claiming the damage resulted from a nuisance maintained by the Defendant, Town of Clinton. The court found that this constituted a nuisance but found for the defendant solely on the basis that the occurrence took place upon land controlled and owned by the defendant.

This is the issue before us on appeal; namely, does the fact that the plaintiff's property was parked on property owned and controlled by the defendant defeat the plaintiff's claim for damages?

It seems to be conceded by all parties, but if not the facts found by the trial court show that a nuisance was maintained by the Town of Clinton, that the Town had knowledge of the serious state of disrepair of its retaining wall and had refused to take any corrective action and, as a result of its maintenance and control of this nuisance the plaintiff's property was damaged. The trial court denied plaintiff recovery because the plaintiff's property was located on the defendant's property. We think this is an error.

The facts found by the trial court were that the plaintiff was lawfully parked on the defendant's (Town of Clinton) property. Whether he was lawfully parked on his own property, or lawfully parked on defendant's property does not diminish in the least the liability of the defendant. Both **Jones vs. Great Barrington,** 273 Mass. 483 (1930) and **Wershba vs. City of Lynn,** 324 Mass. 327 (1949) are inapplicable, as both were decided on the issue of ownership of and control of the premises where the nuisance existed. In this case there is no such issue. The defendant, Town of Clinton, was the owner and in control of the property. **Kurtigian vs. Worcester,** 348 Mass. 284 (1965).

587

We find prejudicial error and this matter is to be returned to the district court for further proceedings not inconsistent with this opinion.

Allan McGuane, Justice
Francis Larkin, Justice
Bernard Lenhoff, Justice

This certifies that this is the opinion of the Appellate Division in this cause.

Robert E. Fein, Clerk