McGuane, J.
This action was brought against the Town of Clinton in the nature of a tort for nuisance.
Briefly the facts of the case were that on or about April 23, 1972, Mr. Daley, an employee of Harr Lincoln-Mercury, plaintiff, parked his car on the public way commonly known as Grove Street. Mr. Daley had the use of said vehicle as part of his compensation from the plaintiff. He was authorized to drive said vehicle to and from his place of residence to his place of employment. He parked the car on Grove Street, directly in front of his place of residence. At this location was a retaining wall apparently in a seriously deteriorating condition. This wall was wholly owned by the defendant, Town of Clinton, and the town had had complaints about its dangerous condition for a number of years. Further, this wall collapsed and damaged the plaintiffs vehicle.
The plaintiff brought this claim claiming the damage resulted from a nuisance maintained by the defendant, Town of Clinton. The Court found that this constituted a nuisance but found for the defendant solely on the basis that the occurrence took place upon land controlled and owned by the defendant.
This is the issue before us on appeal; namely, does the fact that the plaintiff’s property was parked on property owned and controlled by the defendant defeat the plaintiffs claim for damages?
It seems to be conceded by all parties, but if not the facts found by the Trial Court show that a nuisance was maintained by the Town of Clinton, that the town had knowledge of the serious state of disrepair of its retaining wall and had refused to take any corrective action and, as a result of its maintenance and control of this nuisance, the plaintiffs property was damaged. The Trial Court denied plaintiff recovery because the plaintiffs property was located on the defendant’s property. We think this is an error.
The facts found by the Trial Court were that the plaintiff was lawfully parked on the defendant’s (Town of Clinton) property.'Whether he was lawfully parked on his own property, or lawfully parked on defendant’s property does not diminish in the.least the liability of the defendant. Both Jones v. Great Barrington, 273 Mass. 483 (1930) and *133 Wershba v. City of Lynn, 324 Mass. 327 (1949) are inapplicable as both were decided on the issue of ownership of and control of the premises where the nuisance existed. In this case, there is no such issue. The defendant, Town of Clinton, was the owner and in control of the property. Kurtigian v. Worcester, 348 Mass. 284 (1965).
We find prejudicial error and this matter is to be returned to the District Court for further proceedings not inconsistent with this opinion.