HUB THEATRES, INC. & others[1] vs. MASSACHUSETTS
PORT AUTHORITY.

Suffolk.    October 8, 1975 — April 16, 1976.

Present: REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Practice, Civil,* Motion to dismiss. *Massachusetts Port Authority.*
*Nuisance. Airport.*

In an action of tort for nuisance by persons interested in a drive-in
theatre near the airport of the defendant Massachusetts Port Au-
thority, recovery of damages caused by fumes, noise and vibrations
from airplanes flying over the theatre as a result of an enlargement
of the airport was precluded by St. 1956, c. 465, creating the au-
thority as a "public instrumentality" and authorizing it to "enlarge
... and operate" its projects. [155-157]

TORT.   Writ in the Superior Court dated February 19,
1974.

The action was heard by *Lynch, J.,* on a motion to
dismiss.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Bart J. Vinik* (*Louis Winer* with him) for the plaintiffs.
*George C. Caner, Jr.* (*John Silas Hopkins, III,* with
him)   for the defendant.

QUIRICO, J.   This action in tort was commenced in the
Superior Court against the Massachusetts Port Authority
(Authority) for damages allegedly arising out of a nui-
sance created by the Authority in its operation, mainte-
nance and control of General Edward Lawrence Logan

---

[1] Aspen Realty, Inc., and Suffolk Concessions, Inc.

International Airport (Logan). The plaintiffs are Aspen
Realty, Inc. (Aspen), Hub Theatres, Inc. (Hub), and
Suffolk Concessions, Inc. (Suffolk). The case is before
us on the plaintiffs' appeal from the judgment entered
after the allowance of the Authority's motion to dismiss.[2]
See Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974). We
affirm.

For purposes of this motion to dismiss, we take all of
the allegations of fact contained in the plaintiffs' complaint
to be true. *Jones* v. *Brockton Pub. Mkts. Inc.,* 369 Mass.
387, 388 (1975). We summarize those allegations. In 1955,
Aspen constructed a drive-in theatre on land which it
owned in the East Boston district of Boston. At the time
of its construction the theatre was located approximately
2,500 feet away from Logan. Aspen leased the land and
the theatre thereon to Hub which undertook to operate
the theatre. Hub in turn subleased the food concession in
the theatre to Suffolk.

In 1959, the Authority assumed responsibility for the
operation, maintenance and control of Logan and began
to expand the operations of the airport. It is alleged that
as a result of this expansion many airplanes were caused
to fly over the theatre at very low heights and to emit such
fumes and noise and set up such vibrations as to create a
total interference with the plaintiffs' theatre operations.
For these reasons the plaintiffs allege that they were forced
to discontinue their operations on October 1, 1972.

The Authority moved to dismiss the plaintiffs' complaint
on the grounds (1) that the complaint "does not set forth
substantive facts constituting a cause of action"; (2) that
the complaint "is insufficient in law"; and (3) that "Chap-

---

[2] The present case was commenced by the plaintiffs' filing a "Decla-
ration" on May 6, 1974. The Authority filed a "Demurrer" to the
declaration on May 28, 1974. The new Massachusetts Rules of Civil
Procedure, 365 Mass. 730, took effect on July 1, 1974. We treat the
case (as did the judge of the Superior Court) as though it had been
commenced under the new rules, and we refer to, and so consider, the
"Declaration" as a "complaint" and the "Demurrer" as a "motion to
dismiss."

ter 465 of the Acts of 1956 ... precludes recovery by the plaintiffs in this action of tort." For the reasons which follow, we agree with the action taken by the Superior Court judge in allowing the Authority's motion to dismiss based on the third ground set forth in support thereof.

Statute 1956, c. 465, provides in part in § 2 thereof: "There is hereby created ... a body politic and corporate to be known as the Massachusetts Port Authority .... The Authority is hereby constituted a public instrumentality and the exercise by the Authority of the powers conferred by this act shall be deemed and held to be the performance of an essential governmental function." Under § 5, the Authority is vested with title to, and the control, operation and maintenance of certain airport properties, including Logan (§ 1 [*b*]), and it further is authorized and empowered "[t]o extend, enlarge, improve, ... maintain, ... and operate the projects under its control ..." (§ 3 [*g*]).

The operation and extension or enlargement of Logan by the Authority, the very activity of which the plaintiffs complain, being expressly authorized by the Legislature, the plaintiffs' action predicated on a nuisance theory must fail. It is a principle of long standing in the law of the Commonwealth that "when the Legislature directs or allows that to be done which would otherwise be a nuisance, it will be valid, upon the ground that the Legislature is ordinarily the proper judge of what the public good requires, unless carried to such an extent that it can fairly be said to be an unwholesome and unreasonable law." *Sawyer* v. *Davis*, 136 Mass. 239, 241-242 (1884), and cases cited. *Saltonstall* v. *New York Cent. R.R.*, 237 Mass. 391, 393-399 (1921). See *Czapski* v. *Sun Oil Co.*, 303 Mass. 186 (1939); *Strachan* v. *Beacon Oil Co.*, 251 Mass. 479, 487 (1925). In *Smith* v. *New England Aircraft Co.*, 270 Mass. 511, 523 (1930), involving claims of trespass and nuisance arising out of the operation of an airport, we said: "There are numerous analogies where the invasion of the airspace over underlying land by noise, smoke, vibration, dust and

disagreeable odors, having been authorized by the legislative department of government and not being in effect a condemnation of the property although in some measure depreciating its market value, must be borne by the landowner without compensation or remedy. *Legislative sanction makes that lawful which otherwise might be a nuisance"* (emphasis supplied).

The manner in which a business or activity which has been legislatively sanctioned may be conducted, however, is not without limitations. Rather, it is "subject always to the qualification that the business must be carried on without negligence or unnecessary disturbance of the rights of others." *Sawyer* v. *Davis, supra* at 242. The plaintiffs have not alleged that the Authority has been negligent in its activities at Logan or that such activities have been unreasonable or unnecessary. On the allegations contained in the plaintiffs' complaint, the plaintiffs' action in tort for nuisance was properly dismissed.

While the result which we reach may have the effect of precluding the plaintiffs Hub and Suffolk from recovery in this situation, we note, as did the judge of the Superior Court, that it does not necessarily leave the plaintiff Aspen, the owner of the real estate on which the theatre business was operated, without a remedy. If the activity complained of in fact and law amounts to a taking or condemnation of property by the Authority, the owner of the property so affected may be entitled to just or reasonable compensation therefor, but we do not have that question before us. Art. 10 of the Declaration of Rights of the Constitution of Massachusetts. U.S. Const. amends. V, XIV. *Griggs* v. *Allegheny County*, 369 U.S. 84 (1962). *United States* v. *Causby*, 328 U.S. 256 (1946). In this Commonwealth, the Legislature has provided by statute (G. L. c. 79) for the assessment of damages arising out of a taking of property. *Saltonstall* v. *New York Cent. R.R.*, 237 Mass. 391, 397-399 (1921). The plaintiff Aspen has not alleged a taking and this is not a petition for the assessment of damages under G. L. c. 79. It has chosen instead to proceed by an

action in tort for nuisance which cannot be sustained on the allegations of its complaint.[3]

The judgment entered in the Superior Court is affirmed.

*So ordered.*

---

[3] In this regard, it has been represented to us by the parties that Aspen has in fact filed a separate petition, presently pending in the Superior Court, which alleges a "constructive taking" of its property. We merely take note of this fact, it having formed no part of the basis of our decision.