## AINO ASIALA *vs.* CITY OF FITCHBURG.

Worcester. March 11, 1987. — April 3, 1987.

Present: GRANT, PERRRETTA, & SMITH, JJ.

*Real Property,* Lateral support. *Nuisance. Massachusetts Tort Claims Act. Municipal Corporations,* Liability for nuisance. *Governmental Immunity. Practice, Civil,* Instructions to jury. *Limitations, Statute of.*

At the trial of an action by a landowner in Fitchburg alleging that the city had created and maintained on its land an artificial condition, an inadequately constructed retaining wall resulting in excess lateral earth pressure, that injured the plaintiff's real property, there was sufficient evidence from which the jury could conclude that the city created and maintained a private nuisance, causing injury to the plaintiff's property. [16-17]

This court, in view of the common law history and nature of private nuisance actions, and from an examination of G. L. c. 258, the Massachusetts Tort Claims Act, concluded that it was not the intention of the Legislature to make such actions subject to the procedures and defenses of the act. [17-18]

Where, at the trial of an action commenced on April 22, 1981, seeking recovery for damage to the plaintiff's real property caused by a private nuisance created and maintained by the defendant city, there was ample evidence from which the jury could find that the nuisance at issue continued to cause damage to the plaintiff's property after April 21, 1978, the plaintiff's action was not time barred by the three-year period of limitations established by G. L. c. 260, § 2A. [18-19]

CIVIL ACTION commenced in the Superior Court Department on April 22, 1981.

The case was tried before *Paul V. Rutledge, J.*

*Timothy S. Hillman,* City Solicitor, for the defendant.

*Barry A. Bachrach* for the plaintiff.

SMITH, J. The plaintiff's amended complaint sought recovery for damage to her real property by virtue of an alleged private nuisance committed by the defendant, the city of Fitchburg. After a trial in the Superior Court, a jury returned a

verdict of $87,435 in favor of the plaintiff. On appeal, the defendant contends that the trial judge erred in denying its motions for a directed verdict and judgment notwithstanding the verdict, Mass.R.Civ.P. 50(a) and (b), 365 Mass. 814 (1974), and that the judge misinstructed the jury as to the law to be aplied. The defendant also claims that the judge erroneously allowed prejudgment interest to be added to the verdict.

We start with a summary of the facts that the jury could have found from the evidence. Since 1939, the plaintiff has been the owner of a five-decker, multifamily residence located on the easterly side of Mechanic Street in Fitchburg. The building, which was built before 1905, is sited on a steep grade with its first and second floors actually below the level of Mechanic Street.[1] The side of the building facing Mechanic Street was built on and employs as its foundation a stone retaining wall, approximately one and one-half stories high.

In 1905, the city, which owns and controls Mechanic Street as a public way, began the process of widening Mechanic Street and building a sidewalk along a portion of that street, including the area in front of the plaintiff's house. The construction work included the building of a retaining wall along the easterly side of Mechanic Street. For some unexplained reason, the city built the wall up to the plaintiff's property, failed to continue it in front of the property, but resumed its construction on the other side of the property. Thus, there was a gap in the new retaining wall in front of the plaintiff's property. Mechanic Street, over the years, started to subside, and the earth beneath the street moved laterally toward the plaintiff's property. As a result of the increased lateral pressure exerted on the plaintiff's wall, it buckled and shifted, causing the plaintiff's house to develop serious structural problems.

On April 11, 1978, a representative of the plaintiff caused a petition to be filed with the city council requesting that city engineers survey her property, as she believed that pressure from the roadway was causing injury to her property. In re-

---

[1] Those floors were accessible from another street that ran behind the house at a level lower than Mechanic Street.

sponse to the petition, an employee of the city's public works department viewed the plaintiff's property. He found "everything . . . at an angle — the windows, the doors, and everything else" in the house itself, with the rear side of the building bowed.

Some time later in 1978, the plaintiff consulted an attorney about the condition of her property. After examining the premises, he advised the plaintiff to make a claim against the city. He drafted a letter, on the plaintiff's behalf, setting out the dangerous condition of the house as a result of the shifting of the roadbed and the buckling of the plaintiff's wall. The original of the letter was sent to the president of the city council, with a copy being sent to the mayor on or about September 6, 1978. The mayor acknowledged receipt of the letter and advised the attorney that the matter had been referred to the city law department.

Between June, 1980, and October, 1982, all five rental units in the plaintiff's residence became vacant and could not be rerented because of the condition of the house. On April 22, 1981, the plaintiff filed the present action. In late 1985, shortly before the matter came to trial, the same city employee who had made the 1978 inspection revisited the plaintiff's property. He found that the defendant's wall in the vicinity of the plaintiff's house had deteriorated and shifted since 1978 and concluded that the same forces that were then active on the city's wall had probably caused movement in the plaintiff's adjacent wall since 1978 as well.

The judge permitted the plaintiff to amend her complaint three times, the last time at the close of the plaintiff's evidence. The third amended complaint consisted of two counts. In count 1, the plaintiff alleged that the defendant had intentionally allowed the roadbed and retaining wall to encroach upon her property after notice and a request to abate the encroachments. Count 2 of the amended complaint alleged that the defendant had created a nuisance by negligently failing to construct and maintain a proper retaining wall and that the nuisance was interfering with her reasonable and proper use of her land.

The defendant filed motions for a directed verdict as to both counts of the amended complaint at the close of the plaintiff's evidence and again at the close of all the evidence. The motions were based on the ground that G. L. c. 258, the Massachusetts Tort Claims Act (the Act), applied to the plaintiff's claims, that she had failed to comply with the notice requirements of the Act, and that her claims were time barred by the period of limitations set out in § 4 of the Act. The judge allowed the motion as to count 1[2] but denied it as to count 2.

At the close of all the evidence the defendant also filed written requests that the judge instruct the jury regarding (a) the requirements of the Act as it related to the plaintiff's action and (b) the discretionary function exception found in § 10(*b*) of the Act. The judge denied the defendant's requests. After the verdict, the defendant filed a motion to amend the judgment on the ground that the Act did not allow prejudgment interest to be added to the verdict. The judge also denied that motion.

We now discuss the issues raised by the defendant on appeal. Their resolution, it is clear, depends on whether the Act applies to the plaintiff's action. The plaintiff contends that count 2 of her amended complaint alleged, and that the evidence demonstrated, that the defendant, a municipality, created and maintained a private nuisance on its land with resulting injury to her property. She claims that it was not the intent of the Legislature to include such actions in the Act. The defendant contends, to the contrary, that the plaintiff's action is based on negligence. It argues that such actions are covered by the Act and cites G. L. c. 258, § 2, as the basis for its contention.[3]

We agree with the plaintiff that her amended complaint alleged that the defendant created and maintained a private nuisance. The essence of a private nuisance action is some interference with the use and enjoyment of property. Prosser

---

[2] The plaintiff has not appealed from the allowance of the defendant's motion as to count 1.

[3] General Laws, c. 258, § 2 states in part, "Public employers shall be liable for injury or loss of property . . . caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . . ."

& Keeton, Torts § 87, at 619 (5th ed. 1984). See *Connerty v. Metropolitan Dist. Commn.*, 398 Mass. 140, 147 (1986). A private nuisance is actionable when a property owner creates, permits, or maintains a condition or activity on his property that causes a substantial and unreasonable interference with the use and enjoyment of the property of another. See *Morash & Sons, Inc.* v. *Commonwealth*, 363 Mass. 612, 616 (1973). *Leary* v. *Boston*, 20 Mass. App. Ct. 605, 609 (1985). Here, the plaintiff in count 2 of her amended complaint alleged that the defendant created and maintained on its land an artificial condition, an inadequately constructed retaining wall resulting in excess lateral earth pressure, with the result that her property was injured. Thus, count 2 of the amended complaint presented a classic private nuisance claim. Further, taking only the evidence favorable to the plaintiff (*D'Annolfo* v. *Stoneham Housing Authy.*, 375 Mass. 650, 657 [1978]), we conclude that she proved that the defendant, a municipality, created and maintained a private nuisance, with the result that her property was injured. *Miles* v. *Worcester,* 154 Mass. 511, 513 (1891).

The defendant argues that even if the plaintiff presented a private nuisance claim, such actions are subject to the procedures and defenses of the Act. The plaintiff contends that the defendant's argument is erroneous because it ignores the history of the law of nuisance in Massachusetts and the purposes for which the Act was enacted in 1978.

The legislation "removed the defense of immunity in certain tort actions against the Commonwealth, municipalities and other governmental subdivisions." *Dinsky* v. *Framingham,* 386 Mass. 801, 804 (1982). The Act thereby provided "an effective remedy for persons injured as a result of the negligence of governmental entities in the Commonwealth." *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51, 55 (1982). However, such remedy was not needed in regard to private nuisance actions against municipalities. Decades before the enactment of the Act, it was well established that a municipality was not immune from liability if it created or maintained a private nuisance on its land which caused injury to the real property of another. *Miles* v. *Worcester,* 154 Mass. at 513. *Towner* v.

*Melrose,* 305 Mass. 165, 168 (1940). *Kurtigian* v. *Worcester,* 348 Mass. 284, 288 (1965). Also see *Morash & Sons, Inc.* v. *Commonwealth,* 363 Mass. at 616, where the court said, "Where a municipality is the owner of or in control of real estate and creates or permits a private nuisance to the real property of another, it is liable in a common law action just as a natural person would be." It is clear that, historically, municipalities have not been immune from liability for creating or maintaining a private nuisance. Therefore, when the Legislature abolished the doctrine of governmental immunity by enacting the Act, it was not necessary to abolish immunity with respect to private nuisance claims. The removal of the doctrine had already been accomplished by judicial decision.

Further, a claim that a municipality created or maintained a private nuisance is a common law action. "A statute is not to be interpreted as effecting a material change in or a repeal of the common law unless the intent to do so is clearly expressed." *Pineo* v. *White,* 320 Mass. 487, 491 (1946). Nothing in the language of the Act signals a clear intent on the part of the Legislature to include private nuisance claims against municipal entities. The absence of any such language is significant because inclusion in the Act would have had a profound effect on the law concerning private nuisance actions, law that has been judicially crafted over decades.[4]

We conclude, in view of the history and nature of private nuisance actions, and from an examination of G. L. c. 258, that it was not the intention of the Legislature to include such actions in the Act.

Because of our holding, there was no error in the judge's denial of the defendant's motion for a directed verdict and for

---

[4] Inclusion of private nuisance claims in the Act would cause the following changes to take place in the law concerning private nuisance actions against governmental entities. Such claims would be subject to the presentment requirement established in G. L. c. 258, § 4. There would be a limit as to recovery, and prejudgment interest would be barred. G. L. c. 258, § 2. Governmental defendants would be provided with the discretionary function exception (G. L. c. 258, § 10[*b*]), although that defense was not available in private nuisance actions prior to enactment of the Act. Cf. *Morash & Sons* v. *Commonwealth,* 363 Mass. at 616.

judgment notwithstanding the verdict with respect to count 2. The evidence established that the instant case concerned a cause of action based on a continuing nuisance. There was ample evidence from which the jury could find that the nuisance at issue continued to cause damage to the plaintiff's property after April 21, 1978. Therefore, the plaintiff's action was timely because it was commenced on April 22, 1981, less than three years after the damage occurred. G. L. c. 260, § 2A, as amended through St. 1973, c. 777, § 1.

The judge's instructions to the jury on the statute of limitations were correct. He applied the rule that, where a continuing nuisance exists, the invasion of the plaintiff's interest recurs daily, and her cause of action will not be time barred even if she first became aware of the nuisance more than three years before bringing an action. *Sixty-Eight Devonshire, Inc.* v. *Shapiro,* 348 Mass. 177, 183-184 (1964). *Ahern* v. *Warner,* 16 Mass. App. Ct. 223, 226 (1983). As the Act is not applicable, the judge did not have to instruct the jury on the discretionary function exception found in G. L. c. 258, § 10(*b*). Prejudgment interest was properly added to the verdict.

*Judgment affirmed.*