Gants, J.
The plaintiff, Colonial Color Corporation (“Colonial”), alleges in its Amended Complaint that the excessive vibrations generated by the Central Artery/Tunnel Project has impaired the sensitive film processing that is the core of its business and has damaged its processing machines and photographic equipment. It has brought two claims: nuisance and negligence. The defendant, the Massachusetts Highway Department (“MHD”), now moves to dismiss the Amended Complaint in its entirety. After hearing, the motion to dismiss is DENIED.
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the factual allegations of the complaint and all reasonable inferences favorable to the plaintiff which can be drawn from those allegations. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. The Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The issue is whether the facts alleged, generously construed in favor of the plaintiff, state a valid legal claim that would warrant relief on any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). “[The] complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Whitinsville at 89 (“[A] complaint is not subject to dismissal if it would support relief on any theory of law”).
The Nuisance Claim
The MHD presents two separate arguments in support of its motion to dismiss the nuisance claim. First, it contends that the nuisance claim must fail because the activity complained of by Colonial was expressly authorized by the Legislature when it authorized the “laying out and constructing of ... an additional harbor crossing” (St. 1985, c. 811, §25A) and authorized MHD “to take all necessary and desirable actions to develop, facilitate and effectuate the construction . . . of a Third Harbor Tunnel crossing and its approaches in connections to the interstate highway system.” St. 1991, c. 33, §21. In Hub Theaters, Inc. v. Massachusetts Port Authority, 370 Mass. 153 (1976), the Supreme Judicial Court declared:
It is a principle of long standing in the law of the Commonwealth that when the Legislature directs or allows that to be done which would otherwise be a nuisance, it will be valid, upon the ground that the Legislature is ordinarily the proper judge of what the public good requires, unless carried to such an extent that it can fairly be said to be an unwholesome and unreasonable law.
Id. at 155, quoting Sawyer v. Davis, 136 Mass. 239, 241-42 (1884). It is certainly true that, when the Legislature approved the construction of the Central Artery/Tunnel Project, one of the largest public works projects in the world, it recognized that such construction naturally and inevitably was going to generate vibrations, noise, and dust that would, at the very least, inconvenience neighboring homes and businesses. See Hub Theaters, Inc. at 155-56 (noise, smoke, vibration, dust, and odors are to be expected on land adjacent to an airport). However, while the natural and inevitable consequence of such an authorized construction project cannot constitute a nuisance, “]t]he manner in which a business or activity which has been legislatively sanctioned may be conducted ... is not without limitations. Rather, it is ‘subject always to the qualification that the business must be carried on without negligence or unnecessary disturbance of the rights of others.” ’ Id. at 156 quoting Sawyer at 242. Colonial’s complaint certainly alleges that the MHD’s negligence caused injury to it; indeed, it has amended its complaint specifically to add a negligence claim. Consequently, its nuisance claim survives but only to the extent that any damages arose from the negligence of the MHD.[1]
Second, the MHD contends that Colonial’s claim of private nuisance is barred by the exclusivity provision of the Massachusetts Tort Claims Act (“the Act”), G.L.c. 258, §2, which provides, “The remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer.” Prior to 1975, when the Act became law, the Commonwealth and municipalities were not immune from claims of private nuisance involving property damage. Morash & Sons, Inc. v. Commonwealth, 363 Mass. 612, 616 (1973) (“Municipal liability for private nuisances arises from a court made exception to the rule of governmental immunity”). The MHD contends that the Act changed that by providing a remedy for a claim of negligence but not for a claim of nuisance. This contention, however, runs counter to controlling precedent — the Appeals Court decision in Asiala v. Fitchburg, 24 Mass.App.Ct. 13 (1987). In Asiala, the Appeals Court specifically rejected the argument that a claim of nuisance against a municipality was subject to the procedures and defenses of the Act. Id. at 16-18. The *427 Court reasoned that, when the Legislature abolished governmental immunity by passing the Act, there was no need to abolish immunity with respect to private nuisance claims, since that had already been done by judicial precedent. Id. at 18. It found nothing in the Act reflecting a clear legislative intent to include within the scope of the Act private nuisance claims against municipalities, which it stated was significant because of the “profound effect on the law concerning private actions” that such an inclusion would have generated. Id. This Court recognizes that following this precedent means a triumph of form over substance: the nuisance claim that as a matter of law requires a showing of negligence falls outside the Act, but the negligence claim itself falls within the Act. Yet, this is what Asiala dictates and this Court must abide by its holding.
Consequently, the motion to dismiss is DENIED as to the nuisance claim, but the plaintiff must prove negligence as an element of this claim and its damages may not include purely economic loss.
The Negligence Claim
The MHD moves to dismiss the negligence claim because of Colonial’s failure to present the claim to MHD’s “executive officer” or the Attorney General within two years of the date the cause of action arose, as required under the Act, G.L.c. 258, §4. There is no dispute that Colonial contends it has been damaged by the MHD’s alleged negligence since October 1996, that it provided notice of its claims in writing to Kurt Dettman, Chief Counsel for the Central Artery/Tunnel Project via letters dated January 28, 1998 and April 17, 1998, and that no notice of the claims were furnished in writing to the proper “executive officer” of the MHD, as defined in the Act, or the Attorney General until November 19, 1998. If the cause of action had begun and ended in October 1996, the absence of timely failure of presentment would have been fatal to the negligence claim, even if there was actual notice of the claim by the MHD and no prejudice from the lack of a formal presentment. Weaver v. Commonwealth, 387 Mass. 43, 49 (1982). However, “[w]here the tor-tious conduct is a continuing event, the two-year presentment requirement is tolled." Doe v. Town of Blandford, 402 Mass. 831, 839 (1988). Colonial here contends that the MHD’s negligence is a continuing event, which continues to this day, and that the two-year presentment period has yet to expire because of the tolling. In view of this allegation of a continuing tort, which is not frivolous in view of the nature of the alleged negligence, this Court cannot find that the plaintiff can prove any set of facts in support of its claim which would entitle it to relief. As a result, the motion to dismiss the negligence claim must be DENIED. If during discovery, it emerges that the tort is not continuing, then the MHD can move for summary judgment to limit the scope of the cause of action to the period from and after November 19, 1996.
ORDER
For the reasons stated above, this Court ORDERS that:
1. The defendant’s motion to dismiss is DENIED as to the nuisance claim, but the plaintiff must prove negligence as an element of this claim and its damages may not include purely economic loss.
2. The defendant’s motion to dismiss is DENIED as to the negligence claim. If during discovery, it emerges that the tort is not continuing, then the MHD can move for summary judgment to limit the scope of the cause of action to the period from and after November 19, 1996.

 Colonial conceded at the hearing that its damages are also limited to those resulting from personal property damage and may not include purely economic losses. See Garweth Corp. v. Boston Edison Co., 415 Mass. 303, 304-05 (1993).