ELIZABETH H. FORTIER & another[1] *vs.* TOWN OF ESSEX.

No. 00-P-994.

Essex. March 21, 2001. - August 9, 2001.

Present: JACOBS, GILLERMAN, & CYPHER, JJ.

*Practice, Civil,* Appeal. *Public Policy. Nuisance.*

On appeal in an action claiming nuisance and trespass against a town for the
failure of the town to maintain a drainage ditch free from contaminated
water that was discharged onto the plaintiffs' property, this court, despite
the fact that the plaintiffs were not entitled to money damages because
they failed to present evidence of any diminution in rental value of their
property, remanded the case for an evidentiary hearing on the availability
of an amended judgment that might provide for the abatement and removal
of the nuisance as provided by G. L. c. 243, § 1, where the plaintiffs had
prevailed "in tort for a nuisance," and where injustice might otherwise
have resulted. [267-269]

CIVIL ACTION commenced in the Superior Court Department on
April 16, 1996.

The case was heard by *Thayer Fremont-Smith,* J.

*Bruce E. Fortier,* pro se.

*Katharine I. Goree* for the defendant.

GILLERMAN, J. Elizabeth H. Fortier and her late husband Frank
purchased a house lot at 47 Southern Avenue (property) in the
town of Essex (town) in 1948. The town constructed a system
of street drains in 1953, which included construction of a drain-
age ditch across the property.

The ditch fell into disrepair, and in 1977, in response to the
town's claim that it was not able to repair the ditch because it
could not enter onto the property, Mrs. Fortier and other nearby
property owners granted an easement to the town "to *maintain
and repair* the presently existing drainage ditch on our proper-

---

[1]Bruce Fortier.

ties including access thereto" (emphasis added). The easement was recorded at the Essex South District registry of deeds.

In 1995, after testing indicated fecal coliform counts in excess of State standards, the town posted a notice adjacent to the drainage ditch on the property, warning people to keep clear. This action was pursuant to the town's consent decree with the Massachusetts Department of Environmental Protection (DEP), under the terms of which the town agreed to monitor and to post notices of fecal coliform counts which exceed certain levels in the water discharged from storm drains onto the plaintiffs' property. The town also agreed to take steps to abate the pollution.

On or about April 16, 1996, Mrs. Fortier filed this suit in Superior Court claiming nuisance and trespass against the town arising from the failure of the town to maintain the drainage ditch. She further claimed that the town continued to discharge contaminated water onto the property.[2]

On appeal from the final judgment dismissing their action on the merits, the plaintiffs raise a number of issues. We remand for further proceedings as described, *infra.*

1. *Special verdict form.* The plaintiffs argue that the special verdict form submitted to the jury was improper. The jury was presented with a special verdict form consisting of four questions, which are set out in the margin.[3]

During the charge conference, the judge and the parties

---

[2]After acquiring an interest in the property in January, 1999, Bruce Fortier, Mrs. Fortier's son, joined in the action as a coplaintiff. They appear pro se. See *International Fidelity Ins. Co.* v. *Wilson*, 387 Mass. 841, 847 (1983) (pro se parties are bound by the same rules of procedure as litigants with counsel).

[3]The special jury verdict form reads as follows:

"1) Did the Town of Essex create or maintain a nuisance on its own property with respect to the Fortiers' property?

"2) Did the Town of Essex trespass onto the Fortiers' property?

"3) Is it probable that the Town will abate the nuisance or trespass at any time in the foreseeable future?

"4) If your answer is "Yes" to either or both of Questions 1 and 2, and is "No" to Question No. 3, what amount of money will fairly, reasonably and adequately compensate the plaintiffs for damages caused to their property?

discussed question 3 in the proposed special jury verdict form. The judge proposed this question: "Is it probable the Town *can* abate the nuisance or trespass at any time in the foreseeable future?" (emphasis added). Mr. Fortier requested that the judge change "can" to "will." The judge agreed that "will" was appropriate, and he made the change. There was no further discussion of, or objection to, the form of the questions. The plaintiffs' arguments regarding the special verdict questions cannot be raised for the first time on appeal. Mass.R.Civ.P. 49(a), 365 Mass. 812-813 (1974). *Draghetti* v. *Chmielewski*, 416 Mass. 808, 818 n.13 (1994). *Neagle* v. *Massachusetts Bay Transp. Authy.*, 45 Mass. App. Ct. 345, 348-349 (1998).

2. *Measure of damages.* The plaintiffs argue that the jury instructions regarding the measure of damages were improper. Specifically, they contend that the jury should not have been limited to awarding damages for loss in rental value only (as opposed to the loss in market value of the property claimed by the plaintiffs).

By answering question 3 in the affirmative, see note 3, *supra,* the jury decided that the town "will abate the nuisance or trespass in the foreseeable future." "[W]here damage to real property is not permanent, the measure of recovery is the reasonable expense of repairing the injury plus the intervening loss of rental value for the period reasonably needed to repair the injury." *Guaranty-First Trust Co.* v. *Textron, Inc.,* 416 Mass. 332, 337 (1993). See *Chesarone* v. *Pinewood Builders, Inc.,* 345 Mass. 236, 242 (1962).[4]

The plaintiffs' testimony concerning damages was confined to their opinion as to diminution in value of the property caused by the contamination and did not include any evidence of lost

---

"5) Did at least 12 of the 14 jurors agree to each of your answers indicated above?"

In response, the jury answered "Yes" to questions 1, 2, 3, and 5, and did not answer question 4.

[4]In what appears to be a related argument, the plaintiffs claim that the probability that the town "will" abate the nuisance in the foreseeable future is not an "absolute defense against damages from trespass and/or nuisance." That is so, but the plaintiffs gain no assistance thereby. The difficulty confronting the plaintiffs was the appropriate measure of damages.

rental value. Consequently, the jury were properly instructed that there was no basis upon which they could award any damages unless they found that the nuisance and trespass would not be abated in the foreseeable future.

Because there was no evidence on which to base an award of damages, the plaintiffs' argument fails.[5]

3. *Opinion testimony.* The plaintiffs contend that the verdict was improperly "based entirely on the opinions expressed by the defendant Town's witnesses."

The plaintiffs complain that Thomas Noble, the town's former wastewater program coordinator, was permitted to testify on behalf of the town regarding water pollution testing even though those tests were beyond the scope of his personal knowledge. Insofar as Mr. Noble's testimony concerned the existence of pollution, the jury agreed with the plaintiffs that the town created a nuisance, and thus, Mr. Noble's testimony could not have prejudiced the plaintiffs.

The plaintiffs argue that Mr. Noble's testimony concerning a consent order violated the best evidence rule. At trial, Mr. Fortier objected to the introduction of the testimony explaining the consent order because the town had misled him during discovery. There was no objection based on the best evidence rule and we will not consider this issue for the first time on appeal. See *Nancy P.* v. *D'Amato,* 401 Mass. 516, 524 (1988).

4. *Costs.* On appeal, the plaintiffs claim that they are entitled to costs pursuant to G. L. c. 261, §§ 6 & 9.[6] We need not discuss the availability of §§ 6 & 9; see the discussion, *infra,* under G. L. c. 243, § 1.

5. *Cross appeal.* Prior to trial, the town filed a motion to dismiss the trespass claim for failure to comply with the present-

---

[5]At trial, the judge offered Mr. Fortier an opportunity to supplement the evidence on lost rental value. Mr. Fortier declined to do so.

[6]General Laws c. 261, § 6, provides: "The prevailing party in a real action or in replevin shall recover costs irrespective of the amount of damages recovered."

General Laws c. 261, § 9, provides: "If a verdict is rendered for the plaintiff upon one or more counts upon several and distinct claims, and for the defendant upon any others, each party shall recover costs . . . of the counts upon which the verdict is in his favor . . . but shall not recover for the like charges incurred on the trial of the other counts."

ment requirement of the Massachusetts Tort Claims Act (MTCA). G. L. c. 258, § 4. The motion judge noted that the plaintiffs "clearly indicated [they] intended to maintain a claim of nuisance as well as a claim of trespass," and denied the motion to dismiss on the basis that since private nuisance claims are not subject to the MTCA, trespass claims are also not subject to the MTCA. See note 8, *infra.*

In its cross appeal, the town argues that the motion judge erred in denying its motion to dismiss. We need not reach this issue because the plaintiffs did not, and cannot, prevail in their claim for damages on the trespass issue.

6. *Relief to the plaintiffs.* In their posttrial motion to alter or amend the judgment, the plaintiffs argued that because the jury found that the town had trespassed on their property and had created a nuisance by diverting contaminated water onto the plaintiffs' property, the plaintiffs were entitled to relief.

We have decided that, notwithstanding the jury's findings that the town trespassed on the plaintiffs' property and created a nuisance by improperly diverting contaminated water onto the plaintiffs' property, on the evidence presented to the jury, the plaintiffs were not entitled to an award of money damages because they failed to present evidence of any diminution in rental value of their property.

These conclusions do not end the matter, however. "Where injustice might otherwise result, an appellate court properly may consider questions of law which were neither argued nor passed upon in a court or agency below." *Hoffer* v. *Commissioner of Correction,* 412 Mass. 450, 457 (1992) (citations omitted). See *Nuclear Metals, Inc.* v. *Low-Level Radioactive Waste Mgmt. Bd.,* 421 Mass. 196, 209 (1995); *White* v. *White,* 40 Mass. App. Ct. 132, 133 (1996). It would be manifestly unjust to affirm a judgment that includes findings by the jury that the town had created a nuisance and had trespassed on the plaintiffs' property by diversion of contaminated water, yet provides no relief in the face of a Massachusetts statute which expressly provides for relief in such circumstances.

General Laws c. 243, § 1, provides that when, as in this case, the plaintiffs have prevailed "in tort for a nuisance, the court may, in addition to the judgment for damages and costs, enter

judgment that the nuisance be abated and removed and may issue . . . a separate warrant to the proper officer, requiring him to abate and remove the nuisance at the expense of the defendant as public and common nuisances are abated and removed." Section 2 provides that "[t]he court may, upon motion of the defendant, order a stay of such warrant for not more than six months, to give him opportunity to remove the nuisance, upon his undertaking so to do within the time ordered."[7]

The history of this controversy demands relief to the plaintiffs. The town has had an easement since 1977; notices of contaminated water were first posted in 1995. So far as we are aware from the record before us, the nuisance and the trespass are continuing events which have been left unattended by the town in spite of their obligations under their easement to "maintain and repair" the drainage ditch.

We conclude that the plaintiffs are entitled to an evidentiary hearing on the availability of an amended judgment which may provide for the abatement and removal of the nuisance, and a "separate warrant to the proper officer, requiring him to abate and remove the nuisance at the expense of the defendant." All this is to be accomplished without further delay, unless the trial court determines, as provided in § 2 of c. 243, that the defendant is entitled to stay the warrant for not more than six months, but only upon the defendant's written stipulation filed in these proceedings that it will remove the nuisance within the time ordered.[8] See *Morash & Sons, Inc.* v. *Commonwealth,* 363 Mass. 612, 616 (1973) ("municipalities of Massachusetts are li-

---

[7]The transcript of the trial which appears in the defendant's appendix includes the charge conference. However, the record of what was said by the judge and the parties is plainly incomplete. Nevertheless, the parties clearly discussed G. L. c. 243, §§ 1 and 2, but the thrust of the conversation is not clear, and what was finally understood remains inconclusive.

[8]Municipalities are "not immune from liability for private nuisance and since private nuisance was not subject to the Massachusetts Tort Claims Act once enacted, a statute exempting certain actions but excluding others from that exemption does not make private nuisance subject to the statute." *Murphy* v. *Chatham,* 41 Mass. App. Ct. 821, 825 (1996). "A private nuisance is actionable when a property owner creates, permits, or maintains a condition or activity on his property that causes a substantial and unreasonable interference with the use and enjoyment of the property of another." *Asiala* v. *Fitchburg,* 24 Mass. App. Ct. 13, 17 (1987).

able for private nuisances"). "Public policy in a civilized community requires that there be someone to be held responsible for a private nuisance on each piece of real estate, and, particularly in an urban area, that there be no oases of nonliability where a private nuisance may be maintained with impunity." *Id.* at 619, quoting from *Kurtigian* v. *Worcester*, 348 Mass. 284, 291 (1965). See *Chesarone* v. *Pinewood Builders, Inc.*, 345 Mass. at 242 (plaintiff "entitled to have the town enjoined from the continuation of the trespass"); *Lane* v. *Commonwealth*, 401 Mass. 549, 552 (1988) ("[i]njunctions have been authorized against continuing governmental wrongs"). See also G. L. c. 243, § 5 ("The superior court may in an action for a nuisance enjoin such nuisance").

We affirm the judgment with leave to the plaintiffs to seek an amendment to the judgment solely in order to obtain the injunctive relief provided by G. L. c. 243, § 5.

*So ordered.*