McCann, J.

INTRODUCTION

Counsel for plaintiffHemy J. Lane, Esq. Counsel for defendantsNicole B. Caprioli, Esq. Valente Construction Co., Inc. was served and has been defaulted. No appearance has been filed.
The plaintiffs complaint is in the following two counts: (I) specific performance against Richard Zoila, Trustee of WW Realty Trust; and (II) trespass against Richard Zoila, Trustee of WW Realty Trust and Valente Construction Co., Inc. Both parties executed a waiver of jury trial on all issues. The defendants’ answer is a general denial and raises eleven affirmative defenses including statute of limitations, statute of frauds, estoppel, failure of consideration.
On March 13, 2002 cross motions for summary judgment were decided by Toomey, J. (14 Mass. L. Rptr. 502). The defendant Richard Zoila, Trustee of *670 WW Realty Trust’s Motion for Summary Judgment was allowed as to specific performance and trespass, but denied to so much of Chester Lamantea’s claim for equitable relief for an encroachment on his property.

FACTUAL BACKGROUND

Chester Lamantea (Lamantea) resides at 130 Gold Street in Shrewsbury, Massachusetts. His property consists of approximately 4 acres of land.
In the 1980s Peter Dowd and Christopher Christopher purchased approximately one hundred acres in Shrewsbury, Massachusetts, for the purpose of developing a subdivision. A subdivision plan was prepared. It called for the construction of a roadway referred to as Heywood Street. That road abutted a portion of the property of Lamantea. Heywood Street was designed to pass within a foot or two of the rear' of Mr. Lamantea’s property. At the location at which the proposed roadway passed by Lamantea’s property, the proposed finished roadway elevation was approximately five feet above the level of Mr. Lamantea’s property. In order to construct the roadway at an elevation five feet higher than Mr. Lamantea’s property in such close proximity to it, it would be necessary to either construct a retaining wall along the property line to properly support the roadway or to add fill and to create a slope onto Lamantea’s property.
The approved subdivision plan included a note that either a retaining wall was to be constructed at that location or a grading easement would be required.
In July of 1990, WW Really Trust, which was owned by Christopher Christopher (Christopher) and Richard Zoila (Zoila) purchased the Heywood Street portion of the subdivision. WW Realty contracted with Valente Construction Co., Inc. to build Heywood Street. The principal of Valente Construction Company is Maurice Valente. He encouraged Lamantea to permit the grading and filling of his property in order to avoid the need for a retaining wall.
During that period of time, Lamantea was in the process of negotiating with WW Realty to purchase some lots in the subdivision. The negotiations consisted of in return for permission for WW Realty to place fill on Lamantea’s property to support Heywood Street, WW Realty would convey to Lamantea a parcel of land between Lamantea’s property and Heywood Street known as parcel L. That parcel contains one thousand seventy-seven square feet and would give Lamantea frontage on Heywood Street. As those negotiations progressed, Valente proceeded to grade and fill Lamantea’s property with a three to one ratio slope that encroached approximately thirty feet onto Lamantea’s property. Parcel L was never conveyed to Lamantea. Lamantea was under the belief that WW Really Trust had agreed to convey the intervening strip of land to him in exchange for granting the slope easement.
There was no signed written purchase and sale agreement for parcel L whereby WW Realty was obligated to transfer the property.
After the discussions with Lamantea, WW Really Trust arranged for its surveyor to prepare a plan showing the intervening strip which contained 1,077 square feet of land between Lamantea’s property and the proposed roadway and identified it as “parcel L.” The plan contained a note indicating that “parcel L” would be conveyed to Mr. Lamantea and also showed the proposed grading easement. The plan was recorded at Worcester District Registry of Deeds and Lamantea allowed Valente Construction Co., Inc. to place its fill and grade the slope onto his property. The fill and slope encroached onto Lamantea’s property approximately 20 feet for a distance of approximately 150 feet along Heywood Street.
After the fill was placed, Lamantea made several efforts to determine whether or not “parcel L” had been conveyed and he then determined through the efforts of his attorney that the property had in fact not been conveyed to him.
As to so much of the complaint that alleged specific performance and trespass, the court, Toomey, J., previously allowed a Motion for Summary Judgment for the defendant Richard Zoila, Trustee of WW Really Trust on the grounds that there was no oral agreement; the requirement of a writing containing essential terms of the agreement was not met; the requirement of partial performance was not met and they were barred by the Statute of Frauds and the Statute of Limitations.
This Court finds that the negotiations between Lamantea and WW Realty Trust were ongoing and never finalized. During those negotiations, WW Realty Trust through its servant, agent or employee Valente Construction Co., Inc., filled a slope area thirty feet onto Lamantea’s property for the purposes of constructing Heywood Street. WW Realty Trust did not have the permission of Lamantea to do so as any negotiated intent to do so was conditioned upon parcel L being conveyed.
The Statute of Fraud requires a grievance relating to the interests in land to be in writing in order to be enforceable. G.L.c. 259, 1. Temporaiy construction easement and slope easements are interests in real estate subject to the Statute of Frauds. Rogel v. Currenson, 54 Mass.App.Ct. 304, 312 (2002). In Massachusetts, a land owner is ordinarily entitled to mandatoiy equitable relief to compel removal of a structure significantly encroaching upon his land. Peters v. Archambault, 361 Mass. 91, 92 (1972). An earthen slope required to provide lateral support for a roadway constitutes a “structure” which may not encroach on land of another without a license or written easement. Asiala v. Fitchburg, 24 Mass.App.Ct. 13 (1987). Actions to compel the removal of an encroaching earthen slope are subject to a twenty-year Statute *671 of Limitations. Asiala v. Fitchburg, id. Oral approval to allow an earthen slope supporting a roadway onto abutting property constitutes a license which may be revoked at anytime. Spencer v. Rabidou, 340 Mass. 91, 93 (1959). Commencing legal action to remove earthen slope constructed pursuant to a license constitutes a de facto revocation of said license. Richmond/Wellington Hotel Co. v. Collins, 336 Mass. 360, 365 (1957).
The defendant Valente Construction Co., Inc. has defaulted. Based on the foregoing, the defendants Richard Zoila, Trustee of WW Realty Trust and Valente Construction Co., Inc. are hereby ORDERED to remove any encroachment on the property of Chester Lamantea.

ORDER

Judgment shall enter as follows:
1. As to so much of the complaint that alleges specific performance and trespass summary judgment shall enter for the defendant Richard Zoila, Trustee of WW Realty Trust. As to so much of the complaint which seeks equitable relief for encroachment on the property of the plaintiff Chester Lamantea judgment shall enter for Chester Lamantea and against Richard Zoila, Trustee of WW Realty Trust and Valente Construction Co., Inc. and they are hereby ORDERED severally and jointly to remove so much of the encroachment as was placed onto the property of Chester Lamantea.