MacDonald, D. Lloyd, J.
Before the Court is the issue of assessment of damages for trespass in connection with a tiny encroachment by a neighbor’s fence. A judgment of default entered in the case upon the defendants’ failure to answer. An evidentiary hearing pursuant to Mass.R.Civ.P. 55(b)(2) was held. The defendants were represented by counsel at the hearing.
Facts and Procedural Setting
The plaintiffs and defendants are neighbors in Med-ford. This case arose out of an alleged (and subsequently acknowledged) encroachment on the plaintiffs’ lot in a residentially compact area of the town by the circumstance of the defendants’ erection and maintenance of a wood fence along 7.5 feet of their common boundary. At its widest, the encroachment was .4 feet (4/10 of one foot), and the encroachment tapered to a lesser width at the end of the 7.5 feet distance. Although the calculation of such lesser width was not indicated on the surveyor plan introduced by the plaintiffs (the “Plan”), from the Court’s examination of the Plan the encroachment appears to have tapered to approximately .3 feet (3/10 of one foot) at the end of the 7.5 feet distance.
Thus, the aggregate area of the encroachment was between approximately 2-3 square feet.
The total square footage of the plaintiffs’ lot is 4590 square feet. The encroachment represented, therefore, less than a thousandth of the plaintiffs’ lot.
The location of the fence pre-existed the plaintiffs’ ownership of the property. However, after purchasing their home in 2003, the plaintiffs repeatedly attempted to convince the defendants to remove the fence. The defendants refused to do so. In response to such refusal, in April 2005, through their counsel, the plaintiffs served a formal demand that the defendants take down the fence. The demand had no effect, and in April 2006 this action was filed, claiming trespass and seeking injunctive relief.
In May 2006 the defendants removed the fence. Accordingly, injunctive relief is no longer at issue.
With a default judgment already having entered (and with the defendants not seeking to have it removed), the only issue before the Court is damages.
Legal Principles
“As in the case of all tortfeasors, a trespasser is liable for the harm which directly flows from his trespass.” J. Nolan and L. Sartorio, Tort Law §4.3 (2005) and cases cited therein. “As a remedy for trespass, Massachusetts courts in different cases, under differing circumstances, have awarded damages under each of the three alternative theories: reduction in fair market value, loss in enjoyment of use, and cost of restoration.” Silva v. Melville, 12 Mass. L. Rptr. 611 (Mass.Super. 2001) (Gants, J.). “(W]here damage to real property is not permanent, the measure of recovery is the reasonable expense of repairing the injury plus the intervening loss of rental value for the period reasonably needed to repair the injuiy.” Fortier v. Town of Essex, 52 Mass.App.Ct. 263, 265 (2001) (citations omitted).
In extraordinary cases of “wilfull trespass, or one characterized by gross carelessness and want of ordinary attention” damages for emotional distress are allowed. Meagher v. Driscoll, 99 Mass. 281, 285 (1868). Cited with approval in Nolan and Sartorio, supra. Legal fees are not compensable. Chartrand v. Kelly, 354 Mass. 242, 243-44 (1968).
Plaintiffs’ Damages Submission
The plaintiffs seek damages of at least $53,588.75. This amount is comprised of legal fees of $4,113.75, expenses of $2,525.00 and $49,950.00 for loss of “use and quiet enjoyment” of 3% of their property.
The basis of the 3% figure was that the plaintiffs alleged that the encroachment was located such that it prevented plaintiffs from reasonable access to a larger portion of their lot that cumulatively comprised 3% of their property. They intended to improve this larger area by removing accumulated clutter and debris and blacktopping the rear of the lot. The calculation of the monetary value of their damage in this respect rested on the town-assessed value of the property during the three years that the dispute was pending.
Findings and Rulings
There is no basis in law or logic to award damages on the order of magnitude sought by the plaintiffs. The encroached area, as noted above, is an infinitesimal piece of the larger property. The plaintiffs’ claim that they were denied the use and enjoyment of 3% of their property is without support in fact. There was no impediment on account of the encroachment to the plaintiffs doing the improvements they wanted to make. Any such delay was of their own making. Further, as noted above, attorneys fees and related ordinary costs are not compensable in a case of this kind.
However, the defendants did, in fact, commit a trespass, and there is no reason that they could not *426 earlier have removed the fence. Indisputably, the plaintiffs were damaged in a literal sense because the defendants did encroach on their property, albeit minimally. However, the plaintiffs’ recoverable damages are limited to the cost of retaining a surveyor for the preparation of a plan and related services ($1,150), the court filing fee ($525) and related process server fees ($50). These total $1,725.00. Judgment shall enter for that amount.