Gershengorn, Wendie L, J.
The plaintiff, John Morrissey (“Morrissey”), commenced this action against the Commonwealth of Massachusetts Executive Office of Transportation and Public Works (the “Commonwealth”), New England Deaconess Association — Abundant Life Communities, Inc. (“Deaconess”), and Delphi Construction, Inc. as a result of their alleged involvement in the alteration of a state highway that resulted in property injuries. This action is before the court on the Commonwealth’s Motion to Dismiss Morrissey’s Amended Verified Complaint (the “Complaint”). The Commonwealth argues that the court lacks subject matter jurisdiction over the Complaint’s claims of interference with rights to lateral support (Count I), trespass to land (Count II), and private nuisance (Count III). For the following reasons, the Commonwealth’s motion is DENIED as to the private nuisance claim and ALLOWED as to the interference with rights to lateral support and trespass to land claims.

BACKGROUND

The plaintiffs Complaint alleged the following facts. Morrissey is the sole trustee of the JNM 2006 Trust, which owns the residential property located at 23 Cambridge Turnpike in Lincoln, Massachusetts (the “Trust Property”). Cambridge Turnpike is a state highway that is also identified as Route 2 (“Route 2”). The Property abuts both Route 2 and a parcel of land owned by Deaconess, on which Deaconess is constructing a senior living community project (the “Project”). Vehicles entering and exiting the Project’s construction site currently use a paved roadway that connects the Project with Route 2.
The construction of the Project required Deaconess to obtain a permit from the Commonwealth that allowed Deaconess to alter Route 2 by constructing acceleration and deceleration lanes on the state highway. Once the Project opens for business, vehicular traffic would use these lanes when exiting and entering the Project via the paved roadway. Deaconess hired Delphi Construction to perform these alterations to Route 2.
Morrissey asserts that this alteration work resulted in injuries to the Trust Property. He specifically contends that the work undermined the lateral support of the portion of the Trust Property adjacent to Route 2, resulted in the defendants trespassing on the Trust Property, and caused a private nuisance on the Trust Property on the basis of the work increasing noise, dust, and vibration levels and interfering with one’s ability to access the Trust Property.

DISCUSSION

The Commonwealth has moved pursuant to Mass.R.Civ.P. 12(b)(1) to dismiss Morrissey’s claims that the Commonwealth interfered with his rights to lateral support (Count I), trespassed onto his land (Count II), and caused a private nuisance (Count III). A motion brought pursuant to Mass.R.Civ.P. 12(b)(1) challenges the court’s jurisdiction over the subject matter of the complaint. When this type of motion is unsupported by affidavits, the challenge is solely based on the allegations contained in the complaint, taken as true for the purposes of resolving the motion. Callahan v. First Congregational Church of Haverhill 441 Mass. 699, 709 (2004). The party asserting jurisdiction bears the burden of setting forth jurisdictional facts. Miller v. Miller, 448 Mass. 320, 325 (2007).
The Commonwealth filed no affidavits in support of its motion, but challenges the court’s jurisdiction based on Morrissey’s allegations. Specifically, the Commonwealth contends that G.L.c. 258, the Massachusetts Tort Claims Act (“Chapter 258” or the “Act”), bars the court from having jurisdiction over the subject matter of the Complaint as it pertains to the Commonwealth. Taking as true Morrissey’s allegations that the Commonwealth issued a permit to Deaconess that allowed Deaconess to perform alteration work to Route 2, Morrissey’s claim that the Commonwealth caused a private nuisance is not barred by the Act. His claims that the Commonwealth interfered with his rights to lateral support and trespassed onto the Trust Property, however, cannot survive.
Chapter 258, §1 et seq., functions as a limited waiver of sovereign immunity in certain tort actions that are brought against the Commonwealth, municipalities, and other governmental subdivisions. See Murphy v. Chatham, 41 Mass.App.Ct. 821, 824 (1996). According to Chapter 258, §2, “(p]ublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful *601 act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . G.L.c. 258, §2. While the Act may provide a remedy for persons injured by the negligent or wrongful acts of governmental entities, “it does so by abrogating sovereign immunity only within a narrow statutory framework.” Sharon v. Newton, 437 Mass. 99, 111 (2002).
Specifically, Chapter 258, §10 delineates certain claims where the Commonwealth has not waived sovereign immunity. These claims include “(b) any claim based upon the exercise or performance ... [of] a discretionary function or duty on the part of public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused,” “(e) any claim based upon the issuance ... [of] any permit, license, certificate, approval, order or similar authorization,” and “(j) any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation . . . which is not originally caused by the public employer.” G.L.c. 258, §10. This section concludes with a provision that “[n]othing in this section shall be construed to modify or repeal the applicability of any existing statute that limits, controls or affects the liability of public employers or entities.” Id.

1. Private Nuisance

For the purposes of this motion, Morrissey has demonstrated that the court has jurisdiction over its private nuisance claim against the Commonwealth. “A private nuisance is actionable when a properly owner creates, permits, or maintains a condition or activity on his property that causes a substantial and unreasonable interference with the and enjoyment of the property of another.” Asiala v. Fitchburg, 24 Mass.App.Ct. 13, 17 (1987). The allegations in Morrissey’s Complaint, taken as true for the purposes of this motion, contend that the Commonwealth issued a permit to Deaconess to perform alteration work on Route 2, a state highway owned by the Commonwealth, and that this work interfered with the use and enjoyment of the Trust Property based the work increasing noise, dust, and vibration levels and interfering with one’s ability to access the Trust Property.
The Commonwealth argues that Chapter 258, §10 precludes liability of this private nuisance claim where it only issued the license allowing the alteration work. Chapter 258, however, does not apply to private nuisance actions brought against a governmental entity. Murphy v. Chatham, 41 Mass.App.Ct. 821, 825-26 (1996). See also Fortier v. Essex, 52 Mass.App.Ct. 263, 268 n.8 (2001). While Chapter 258 removed the defense of sovereign immunity in certain tort actions, “ ‘such remedy was not needed in regard to private nuisance actions. Decades before the enactment of the Act, it was well established that a municipality was not immune from liability if it created or maintained a private nuisance on its land which caused injury to the real property of another.’ ” Murphy, 41 Mass.App.Ct. at 824-25, quoting Asiala, 24 Mass.App.Ct. at 17. See also Morash & Sons, Inc. v. Commonwealth, 363 Mass. 612, 616 (1973) (“Where a municipality is the owner of or in control of real estate and creates or permits a private nuisance to the real property of another, it is liable in a common law action just as a natural person would be"). Accordingly, the court will not dismiss Morrissey’s private nuisance claim for lack of subject matter jurisdiction.

2. Interference with Rights to Lateral Support and Trespass to Land

Morrissey has failed meet his burden of showing that the court has jurisdiction, over the remaining claims of interference with rights to lateral support and trespass to land against the Commonwealth. While acknowledging that the Commonwealth has retained immuniiy with respect to certain claims, Morrissey relies on a provision in §10 of Chapter 258 that states, “[n]othing in this section shall be construed to modify or repeal the applicability of any existing statute that limits, controls or affects the liability of public employers or entities.” In his Complaint, however, Morrissey does not assert any statutory claims against the Commonwealth. His remaining claims of interference with his rights to lateral support and trespass to land relate only to the Commonwealth on the basis of its decision to issue a permit allowing Deaconess to perform the alteration work. The Commonwealth has not waived immuniiy to claims based on a discretionary decision, an issuance of a permit, or an alleged failure to prevent or diminish harmful consequences that it did not originally cause. See G.L.c. 258, § 10(b), (e), (j). Consequently, the court does not have subject matter jurisdiction over these common-law claims.
In his Opposition to the Commonwealth’s Motion to Dismiss, Morrissey contends that the court has jurisdiction over these claims pursuant to G.L.c. 81, §7. This section, entitled “Acquisition of Land Outside Limits of Existing Highway,” initially provides that “[i]f it is necessary to acquire land for the purposes of a state highway outside the limits of an existing public way, the [state highway] department may take the same by eminent domain on behalf of the commonwealth under chapter sevenfy-nine.” The section continues to state, “[w]hen injury has been caused to the real estate of any person by the laying out or alteration of a state highway, he may recover compensation therefor from the commonwealth under chapter seventy-nine.” Id. See also Malone v. Commonwealth, 378 Mass. 74, 77 (1979). General Laws c. 79, entitled “Eminent Domain,” provides that “[i]n determining the damages to a parcel of land injured when no part of it has been taken, regard shall be had only to such injury as is special and peculiar to such parcel.” G.L.c. 79, *602 §12. See also Paul’s Lobster, Inc. v. Commonwealth, 53 Mass.App.Ct. 227, 233 (2001).
This statutory imposition of liability for injuries to property not taken by the Commonwealth that were caused by the alteration of a state highway relies on the implication that the Commonwealth had a role in performing the work. See Paul’s Lobster, Inc., 53 Mass.App.Ct. at 233 (attesting that the parties did not dispute that the state highway department “controlled” a state highway alteration project when referring to G.L.c. 81, §7). See also G.L.c. 81, §7; G.L.c. §79 (primarily addressing remedies where the Commonwealth takes property under its eminent domain powers). In the present case, the Commonwealth did not involve itself in the alteration of Route 2 by either controlling the work allegedly performed by Deaconess or Delphi Construction, Inc. or taking any portion of the Trust Property. Instead, the Commonwealth’s only role in the alteration of Route 2 was its decision to issue a permit to Deaconess that allowed this work to be performed. As both of Morrissey’s remaining claims against the Commonwealth for interference with his rights to lateral support and trespass to land are based on this discretionary decision, these claims are barred by the waiver of sovereign immunity exceptions listed in G.L.c. 258, §10(b), (e), or (j).
Morrissey’s additional argument that G.L.c. 81, §21 provides the court with subject matter jurisdiction over these remaining claims is unavailing. This statute requires entities performing maintenance and repair work on a state highway to acquire a permit from the Commonwealth’s highway department and perform the work “under its supervision and to its satisfaction.” G.L.c. 81, §21. This provision only gives the Commonwealth the right to oversee the work, and does not create a private right of action based on the failure of the Commonwealth to fulfill its supervisory role. “The rules of construction governing statutory waivers of sovereign immunity are stringent, . . . [and] [consent to suit must be expressed by the terms of a statute, or appear by necessary implication from them.” Ware v. Commonwealth, 409 Mass. 89, 91 (1991) (internal citations and quotations omitted). Accordingly, the court lacks subject matter jurisdiction over Morrissey’s claims of interference with rights to lateral support and trespass to land as they pertain to the Commonwealth.

ORDER

For the following reasons, the Commonwealth of Massachusetts Executive Office of Transportation and Public Works’ Motion to Dismiss is DENIED as to the private nuisance claim (Count III) and ALLOWED as to the interference with rights to lateral support claim (Count I) and trespass to land claim (Count II).